Pantea Yashar (SBN 234067)
Michael V. Mancini (SBN 263799)
ERVIN COHEN & JESSUP LLP
9401 Wilshire Boulevard, Ninth Floor
Beverly Hills, California 90212-2974
Telephone: (310) 273-6333
Facsimile: (310) 859-2325
pyashar@ecjlaw.com
mmancini@ecjlaw.com

Attorneys for Defendants Nationwide
Mortgage Concepts II, Ltd., and Stephen
Pitchersky

Jeffrey J. Zuber (SBN 220830)
Raffi V. Zerounian (SBN 236388)
ZUBER & TAILLIEU LLP
777 South Figueroa Street
Los Angeles, California 90017
Telephone: (213) 596-5620
Facsimile: (213) 596-5621
jzuber@ztllp.com
rzerounian@ztllp.com

Attorneys for Defendants John Irvine and Kristie Wolford

Jennifer Friend (200146)
SELMAN BREITMAN LLP
6 Hutton Center Drive, Suite 1100
Santa Ana, California 92707-5755
Telephone: (714) 647-9700
Facsimile: (714) 647-9200
jfriend@selmanbreitman.com

Attorneys for Defendant Joshua Friend

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## SANTA ANA DIVISION

| | |
|---|---|
| In re | Case No. 8:09-bk-14918-TA |
| ROBERT W. FARMER AND PATRICIA FARMER, | Adv. No. 8:11-ap-01081-TA |
| Debtors. | Chapter 7 |
| ROBERT W. FARMER, an individual; | **REPLY TO OPPOSITION TO RESPONSE TO ORDER TO SHOW CAUSE RE: REMAND; DECLARATIONS OF JENNIFER FRIEND AND MICHAEL V. MANCINI IN SUPPORT THEREOF** |
| Debtor | |
| v. | Date: April 14, 2011 |
| NATIONWIDE MORTGAGE CONCEPTS II, LTD., a corporation; STEVEN J. PITCHERSKY, an individual; JOHN IRVINE, an individual; KRISTIE WOLFORD, an individual; JOSHUA FRIEND, an individual, | Time: 10:00 a.m. |
| | Place: Courtroom 5B |
| Defendants. | |

1547-1001 / 186077.1

REPLY TO OPPOSITION TO RESPONSE TO ORDER TO SHOW CAUSE RE: REMAND

1   Defendants Nationwide Mortgage Concepts II, Ltd., Steven J. Pitchersky, John Irvine,

2   Kristie Wolford and Joshua Friend (collectively, the "Defendants") hereby reply to the Opposition

3   to Response to Order to Show Cause Re: Remand (the "Opposition") filed by the Debtor, Robert

4   W. Farmer ("Farmer," or the "Debtor"), and respectfully submit as follows:

## I.

## INTRODUCTION

7   The substance of the Debtor's excuse for his improper removal of the lawsuit he filed

8   against the Defendants to US Bankruptcy Court after the deadline to do so had passed is that

9   Debtor "believed" that he had a right to remove the case. Of course, the real reason for this

10  stopgap measure was a misguided attempt to divest the jurisdiction of the Orange County Superior

11  Court before it could dismiss the Debtor's lawsuit. As explained in greater detail below, not only

12  does the Debtor's ignorance of the law not validate his improper conduct, but the Debtor's Notice

13  of Removal was filed *after* the Orange County Superior Court (the "Superior Court") had already

14  dismissed Debtor's lawsuit.

## II.

## ARGUMENT

**A.    Farmer's Notice of Removal Was Filed With the State Court After the Subject
Action Was Dismissed, and Therefore There is No Surviving Case to Remand**

Fed. R. Bankr. P. 9027(c) sets forth clearly that removal of a claim or cause of action does

not have effect on a non-bankruptcy court until the filing of a copy of a timely and compliant

Notice of Removal. Until such time as that requirement is perfected, the non-bankruptcy court

retains jurisdiction of the subject matter, and the parties may continue to proceed in that court.

Fed. R. Bankr. P. 9027. Fed. R. Bankr. P. 9027(c) unambiguously states that a non-bankruptcy

court, such as the Superior Court, retains subject matter jurisdiction over an action until the filing

of a timely and valid notice of removal is made identifying the parties and action subject to the

removal. Farmer's failure to do so is therefore fatal to his request for Removal.

Here, the request for Removal was not filed until after the Superior Court dismissed the

Debtor's lawsuit with prejudice. (See Declaration of Jennifer Friend in Support of Reply to

ERVIN COHEN & JESSUP LLP

1    Opposition to Order to Show Cause Re: Remand, attached hereto). As such, the Notice of

2    Removal of State Court Action is moot and without merit because there was no action to remove

3    or remand at the time that notice was filed, and there is currently no such action to remove or

4    remand.

5       A document entitled "Notice of Removal" was filed in department C6 of the Superior

6    Court and served on the Defendants after the Superior Court dismissed the Debtor's lawsuit. That

7    document incorrectly identified the action and parties to be subject to the requested removal as

8    "Plaintiff in the State Court action is Drayage Express, Corp., the Debtor in the above-captioned

9    case (Case No. Tc23240) . . . this Notice of Removal is being timely filed as required by Federal

10    Rules of bankruptcy Procedure Rule 9027 within 90 days after the order for relief in this Case."

11    (Paragraph 3 (sic) page 2, ll. 4-8). (See Notice of Filing of Notice of Removal attached to the

12    Declaration of Jennifer Friend as Exhibit "**A**" and incorporated herein by reference).

13       In this case, despite being represented by counsel and knowing the requirements to be met

14    for the removal of an action, Farmer adopted a "wait and see' strategy. In other words, he elected

15    not to seek Removal until after the non-bankruptcy court dismissed his case, when it was too late

16    to seek such Removal. And, even when he attempted his untimely Removal, his notice merely

17    informed the Defendants, Superior Court and this Court that plaintiff and debtor Drayage Express

18    Corp. was seeking to remove its action to Bankruptcy Court. Farmer is not "Drayage Express

19    Corp." For this reason, acknowledging the fatal defect in the Notice of Removal filed following

20    the court's dismissal of the subject action, on February 18, 2011, Farmer filed an Amended Notice

21    of Removal of State Court Civil Action with the Superior Court. (See Notice of Filing of

22    Amended Notice of Removal attached to the Declaration of Jennifer Friend as Exhibit "B" and

23    incorporated herein by reference.) It is irrefutable that this amended notice was filed after the

24    Superior Court had properly dismissed the action in accordance with its jurisdictional power.

25       Venue shopping is heavily disfavored and frowned upon as a matter of policy and as a

26    matter of law. For this reason, removal statutes are to be strictly construed and any doubts

27    concerning removal must be resolved against removal and in favor of remanding case to state

28    court. Luevano v. Dow Corning Corp., 183 B.R. 751 (W.D.Tex.1995). The propriety of the

_ERVIN COHEN & JESSUP LLP_

1    removal may be tested in federal court by a motion to remand.  28 U.S.C. § 1447(c).  The removal

2    statute is strictly construed against removal jurisdiction.  Matheson v. Progressive Specialty Ins.

3    Co., 319 F.3d 1089, 1090 (9th Cir. 2003) ("Where doubt regarding the right to removal exists, a

4    case should be remanded to state court.").  The party seeking removal bears the burden of proving

5    the propriety of removal.  Duncan v. Stuetzle, 76 F.3d 1480, 1485 (9th Cir. 1996).

6         Here, the Defendants' assertions that Farmer does not have the right to remove the subject

7    action and that, in fact, there is no action to remove are supported by admissible evidence and

8    require Farmer to justify the venue shopping that resulted in the opening of the above-captioned

9    adversary proceeding.  In this case, the Debtor, who initiated the subject litigation on November 4,

10   2010, knowing that he was in bankruptcy and represented by counsel, intentionally and knowingly

11   failed to divest the state court of jurisdiction before it properly dismissed his meritless action.  He

12   was waiting to see first how the state court would rule on Defendants' motion to dismiss.  Only

13   after he lost that motion did he hastily file the flawed Notice of Removal and later file an

14   Amended Notice of Removal that sought to rectify the defects in the original notice.  Accordingly,

15   strict construction requires this Court to abstain from adjudicating or reviving the above-captioned

16   adversary proceeding.

17   **B.    Farmer's Misguided Beliefs Do Not Excuse His Improper Conduct**

18        Instead of responding to the issues raised in the Court's Order to Show Cause re Remand,

19   the Debtor makes an improper "request[] that the Bankruptcy Court make a factual determination

20   as to whether, at the time of removal, Debtor's claims as set forth in *Farmer v. Nationwide*

21   *Mortgage Concepts II, LTD, et. al.* were property of Debtor's Bankruptcy Estate, or whether the

22   claims belong to the Chapter 7 Debtor, making Debtor the real party-in-interest."  (Opposition to

23   Response to Order to Show Cause at 8).  Unsurprisingly, the Debtor offers no authority to support

24   his demand that the Court make a "factual determination" or to support its arguments about who

25   owned the purported claims at issue.

26        The fact of the matter is that Farmer did not have standing to sue the Defendants, and the

27   Superior Court properly dismissed Farmer's improperly-filed case.  The only support for the

28   Debtor's improper demand is a declaration from its attorney of record that consists almost entirely

ERVIN COHEN & JESSUP LLP

1  of impermissible hearsay, as more thoroughly set forth in the concurrently-filed Evidentiary

2  Objections to Declaration of Christine M. Watkins in Support of Opposition to Response to Order

3  to Show Cause Re: Remand.

4      In particular, the Declarant, Christine Watkins, states that she is "counsel for Bankruptcy

5  Debtor Robert J. Farmer." She then purports to "testify" about the Debtor's intentions,

6  experiences and beliefs regarding pertinent events. The Declarant has not met the requirements

7  for any exception of the hearsay rule, and the contents of the Declaration cannot be admitted into

8  evidence in the manner presented by the Declaration. In fact, after the objections are accounted

9  for, very little more than a recital of the docket of the above-captioned main bankruptcy case is left

10  in the declaration.

11      Multiple of the representations Debtor's counsel makes under the penalty of perjury are not

12  accurate.[1] By way of example, Ms. Watkins testifies that "Ms. Kosmala has not received any

13  information regarding a Motion to Dismiss . . . ." before February 17, 2011. Yet, counsel for the

14  Defendants emailed a copy of the Motion to Dismiss to Ms. Kosmala on or about February 11,

15  2011. (See Declaration of Michael Mancini, attached hereto, at ¶¶3-7 of Ex. C).

16      Ms. Watkins also attests that the Smith Campbell firm, counsel for the Debtor, "has

17  reached an agreement with the Trustee as to the retention of SCCKG to represent the Trustee in

18  the prosecution of this litigation against Defendants, subject to execution of a written retainer

19  agreement." Watkins Decl. at ¶32. Of course, this statement consists of nothing more than

20  impermissible hearsay that does not fall within any exception. Fed. R. Evid. 803. First, Debtor

21  admits that the Smith Campbell firm has not been formally retained. Second, the Chapter 7

22  Trustee has not filed anything with the US Bankruptcy Court indicating that she has agreed to step

23  into the adversary proceeding as the real party in interest. The Chapter 7 Trustee has not filed an

---

[1] Moreover, the Debtor's "allegations" have been a moving target. In its Opposition, the Debtor argues that "Here, as Debtor alleges that the lawsuit was the property of the bankruptcy estate, the bankruptcy court has exclusive jurisdiction [*sic*] all property of the estate." (Opposition to Response to Order to Show Cause at 7). This allegation is inconsistent with the arguments Farmer made in opposing the Motion to Dismiss filed by the Defendants in Orange County Superior Court. There, Debtor argued that "[t]he issuance of a 'no-asset report' is tantamount to an abandonment of the trustee's interest in the property" and that "once abandoned, the claims revest [*sic*] to Farmer." (Zerounian Decl. In Support of Remand, ¶8, Exh. C (Opp. to Motion to Dismiss at 2-3)).

ERVIN COHEN & JESSUP LLP

1    application to employ the Smith Campbell law firm as special litigation counsel. Moreover, as

2    explained in greater detail below, the Superior Court already dismissed the Debtor's lawsuit.

3    Thus, the Debtor still has no standing

4    **C.    The Court Should Award Defendants Their Attorneys' Fees and Costs**

5        The Debtor does not deny that 28 U.S.C. § 1447(c) governs an award of attorneys' fees,

6    costs, and actual expenses caused by an improper removal of an action. Rather, the Debtor argues

7    that he "had objectively reasonable grounds to believe the removal was proper." (Opposition to

8    Response to Order to Show Cause at 7). This argument strains credulity. Although it is not

9    entirely clear from the Debtor's Opposition, the Debtor seems to argue that his incorrect subjective

10   "belief" of the law somehow shields him from liability for wasting the time of the Court and the

11   Defendants. This argument has no basis in law or fact. The Debtor is represented by counsel, and

12   the language of Federal Rule of Bankruptcy Procedure 9027(a) could not be more clear. Debtor

13   had 30 days to file a Notice of Removal, to the extent that it was even proper for him to remove a

14   case that he himself initiated against the Defendants. There is no excuse for Debtor's deliberate

15   misreading of that statute or improper attempts to avoid a dismissal of his improperly filed lawsuit

16   on the merits.

17       Nevertheless, even Debtor admits that he failed to file a timely removal. (See Opposition,

18   at 7 ("Debtor exceeded the standard thirty-day limitation . . . .")). Nevertheless, the Debtor argues

19   that this failure to follow the clear language of the statute should be ignored because the "Debtor

20   believed the claims were abandoned by the Trustee and had no reason to believe that the

21   Bankruptcy Court was needed to make a determination as to whether the claims were part of the

22   Bankruptcy Estate." (Opposition at 7). To support this argument, the Debtor cites to the hearsay

23   declaration of its attorney of record, Christine Watkins. Of course, Ms. Watkins cannot

24   competently testify to the Debtor's subjective beliefs about Ninth Circuit precedent. Moreover,

25   the Debtor's subjective beliefs simply do not matter. Neither does opposing counsel's specious

26   argument that it misunderstood the law somehow excuse the Debtor's improper conduct.

27

28

ERVIN COHEN & JESSUP LLP

1547-1001 / 186077.1

REPLY TO OPPOSITION TO RESPONSE TO ORDER TO SHOW CAUSE RE: REMAND

1    The Debtor's casual regard for the rules of procedure should no longer be tolerated, and the

2    Court should award Defendants the attorneys' fees, costs, and expenses incurred due to Debtor's

3    improper removal of the case from Orange County Superior Court.

4                                        **III.**

5                                  **CONCLUSION**

6    For the foregoing reasons, the Defendants respectfully request that the Court dismiss the

7    Debtor's adversary proceeding or remand this case back to the Superior Court, and award the

8    Defendants the attorneys' fees, costs, and expenses they incurred due to the Debtor's improper

9    attempts to remove the lawsuit to this Court, and such other relief as the Court deems just and

10   proper.

11

12   DATED: April 7, 2011                ERVIN COHEN & JESSUP LLP
                                         Michael V. Mancini
13

14

15                                       By:    /s/ Michael V. Mancini
                                                Michael V. Mancini
16                                              Attorneys for Defendants Nationwide Mortgage
                                                Concepts II, Ltd., and Stephen Pitchersky
17

18

19

20

21

22

23

24

25

26

27

28

1547-1001 / 186077.1                                    7

ERVIN COHEN & JESSUP LLP

## **DECLARATION OF JENNIFER FRIEND**

I, JENNIFER FRIEND, declare and state as follows:

1.      I am an attorney at law, duly licensed to practice before the courts of the State of California and the District Court for the Central District of California. I am a partner with the law firm of Selman Breitman LLP, attorneys of record for Joshua Friend herein.

2.      The facts set forth herein are known to me personally, and if called upon to testify, I could and would competently testify thereto.

3.      On February 17, 2011, a motion to dismiss Orange County Superior Court Case No. 30-2010-00422619 was heard by the Honorable Judge Luis A. Rodriguez in Department C6 at 1:30 p.m.

4.      I personally appeared in court to argue the motion. The motion to dismiss was based upon plaintiff Robert Farmer's lack of standing to bring the subject action because he was in bankruptcy. My office filed a Memorandum of Points and Authorities with the superior court on February 7, 2011 and counsel for Farmer, in turn, filed an Opposition to the motion on February 14, 2011.

5.      During the hearing on the motion to dismiss, and after the court had stated it was going to grant the motion, counsel for Farmer, Ms. Watkins, for the first time, spoke of a request for removal of the instant action to bankruptcy court. At one point during the proceedings, she waived in her hand a document that a gentleman brought into court and handed to her. Neither I, nor the other defendants, nor the Court to my knowledge and based upon its representations at the hearing, had ever been served with the document she held in her hand during oral argument nor informed of any intent by Plaintiff to seek removal to bankruptcy court.

6.      After the conclusion of oral argument on the motion to dismiss, defense counsel was served with the document which had a title of "Notice of Filing of Notice of Removal". Additionally, it is my recollection that Ms. Watkins filed that document with the court Clerk after the hearing on the motion to dismiss and the entry of the order of dismissal of the action.

7.      Yesterday, on April 7th, I spoke with Barbara Allen, the clerk in Department C6, to refresh my recollection as to the time of day that I observed Ms. Watkins go to file the Notice of

1547-1001 / 186077.1

REPLY TO OPPOSITION TO RESPONSE TO ORDER TO SHOW CAUSE RE: REMAND

ERVIN COHEN & JESSUP LLP

1   Filing of Notice of Removal with the court on February 17th.  Ms. Allen confirmed to me that the

2   document had been filed at 2:12 p.m. on February 17, 2011, after the hearing on the motion to

3   dismiss was heard and granted.  My conversation with Ms. Allen refreshed and confirmed my

4   recollection as to the time of day that I observed Ms. Watkins go to file the document with the

5   court.

6         8.      Attached to my declaration as Exhibit "**A**" is a true and correct copy of the Notice

7   of Filing of Notice of Removal with which I was personally served on February 17th following the

8   court's dismissal of Farmer's complaint.

9         9.      Attached to my declaration as Exhibit "**B**" is a true and correct copy of the Notice

10  of Filing of Amended Notice of Removal with which my office was served on February 18th

11  following the court's dismissal of Farmer's complaint.

12        I declare under penalty of perjury under the laws of the State of California that the

13  foregoing is true and correct.

14        Executed this 7th day of April 7, 2011, at Santa Ana, California.

15

16

17                                              Jennifer Friend

18

19

20

21

22

23

24

25

26

27

28

IDOCS:14109.1:1198273.1

REPLY TO OPPOSITION TO RESPONSE TO ORDER TO SHOW CAUSE RE: REMAND

## DECLARATION OF MICHAEL V. MANCINI

I, Michael V. Mancini, declare and state as follows:

1.      I am an attorney in good standing and duly licensed to practice law before all of the courts in the State of California and before the District Courts of the Central District of California. I am employed as an associate by Ervin Cohen & Jessup LLP, attorneys for Defendants Nationwide Mortgage Concepts II, Ltd., and Stephen Pitchersky in the above-captioned adversary proceeding. I have personal knowledge of the facts set forth in this Declaration. If called upon to testify as a witness, I could and would testify competently to the facts set forth below.

2.      I make this Declaration in support of the Reply to Opposition to Response to Order to Show Cause Re: Remand

3.      Paragraph 23 of the Declaration of Christine M. Watkins ("Watkins"), attached to the Opposition to Response to Order to Show Cause Re: Remand (the "Watkins Declaration") states that "on February 17, 2011 . . . [Watkins] emailed the Trustee regarding the Trustee's Withdrawal of her No Asset Report. The Trustee responded that the Motion to Dismiss should be continued, as Ms. Kosmala [had] not received any information regarding a Motion to Dismiss and should be afforded the opportunity to respond accordingly." This statement is untrue.

4.      On or about February 11, 2011, **six days prior to the date that the Trustee allegedly informed Watkins that she had not received any information regarding a Motion to Dismiss**, I provided to Weneta M.A. Kosmala, the Chapter 7 Trustee in the above-captioned bankruptcy case (the "Trustee"), an email sent to the email address wkosmala@kosmalalaw.com and containing the following:

(a)      the Summons and Complaint for (1) Breach of Contract, (2) Fraud, (3) Negligent Misrepresentation, (4) Unjust Enrichment, (5) Breach of Fiduciary Duty, and (6) Constructive Fraud, filed in the superior court case entitled Robert Farmer v. Nationwide Mortgage Concepts II, Ltd., et al, case number 00442619 in the Superior Court of California for the County of Orange;

(b)      the Notice of Motion to Dismiss Plaintiff's Complaint and Memorandum of Points and Authorities and Declaration of Kenneth M. Natelborg in Support Thereof; and

1    (c)    Defendants Steven J. Pitchersky and Nationwide Mortgage Concepts II's

2  Joinder of Joshua Friend's Motion to Dismiss Plaintiff's Complaint.

3    5.    A true and correct copy of the email described above (the "Trustee Email") is

4  attached hereto as Exhibit "**C**" and incorporated herein by this reference.  The Trustee Email was

5  sent on February 11, 2011 at 7:04 p.m., as indicated in the Sent line.

6    6.    I never received notice of a failure of delivery of the Trustee Email.

7    7.    The Trustee Email contained all filed documents that related to the Motion to

8  Dismiss that the Trustee allegedly had not been apprised of as of February 17, 2011.

9    7.    On information and belief, and as a result of my drafting and sending of the Trustee

10  Email, every stage of which I personally handled, the Trustee has ample opportunity to be

11  apprised of the hearing on the Motion to Dismiss beginning on or about February 11, 2011.

12    I declare under penalty of perjury under the laws of the State of California and of the

13  United States of America that the foregoing is true and correct.

14    Executed this 7th day of April, 2011 at Los Angeles, California.

15

16    /s/ Michael V. Mancini
    Michael V. Mancini

17

18

19

20

21

22

23

24

25

26

27

28

ERVIN COHEN & JESSUP LLP

# EXHIBIT "A"

E-FILED
2·17·2011

1  BARRY R. GORE, ESQ. SBN 143278
   CHRISTINE M. FITZGERALD, ESQ. SBN 259014
2  SMITH | CAMPBELL | CLIFFORD | KEARNEY | GORE
   A Professional Law Corporation
3  3424 Carson Street, Suite 350
   Torrance, California 90503
4  Telephone: (310) 542-0111
   Facsimile:  (310) 214-7254

5
   Attorneys for Plaintiff, Robert W. Farmer
6

7

8              UNITED STATES BANKRUPTCY COURT

9              CENTRAL DISTRICT OF CALIFORNIA

10             SANTA ANA ANGELES DIVISION

11

12 In re:                              BK. No. 8:09-bk-14918-TA

13 ROBERT W. FARMER AND PATRICIA       Chapter 7
   FARMER
14                                     Adv. No. 8:11-ap-01081-TA
              Debtors.
15                                     NOTICE OF REMOVAL OF STATE COURT
                                       CIVIL ACTION
16 ROBERT W. FARMER, an individual
                                       Los Angeles County Superior Court
17                                     Case No. 30-2010-00422619-CU-BC-CJC
              Plaintiff,
18
19 vs.
20 NATIONWIDE MORTGAGE CONCEPTS
   II, LTD, a corporation; STEVEN J.
21 PITCHERSKY, an individual; JOHN
   IRVINE, an individual; KRISTIE
22 WOLFORD, an individual; JOSHUA
   FRIEND, an individual
23
              Defendants.
24

25     TO THE HONORABLE THEODOR C. ALBERT, ALL PARTIES IN THE

26 ABOVE-CAPTIONED STATE COURT CIVIL ACTION HEREBY REMOVED, THE

27 U.S. TRUSTEE, ALL OTHER INTERESTED PARTIES, THE CLERK OF THE LOS

28 ANGELES COUNTY SUPERIOR COURT, AND THE CLERK OF THE UNITED

                                    1      NOTICE OF REMOVAL OF STATE COURT CIVIL ACTION-CASE
                                           NO. 2:09-BK-14918-TA

STATES BANKRUPTCY COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA:

PLEASE TAKE NOTICE THAT Robert W. Farmer ("Farmer" or "Plaintiff") submits this notice of removal in accordance with Rule 9027 of The Federal Rules of Bankruptcy Procedure, 28 U.S.C. § 1452(a) and 28 U.S.C. § 157(a) and respectfully represents as follows:

1.   On November 4, 2010, Plaintiff initiated an action in the Superior Court of the State of California in the County of Orange, Central Justice Center, captioned *ROBERT W. FARMER, an individual v. NATIONWIDE MORTGAGE CONCEPTS II, LTD, a corporation; STEVEN J. PITCHERSKY, an individual; JOHN IRVINE, an individual; KRISTIE WOLFORD, an individual; JOSHUA FRIEND, an individual DOES 1-100, inclusive,* Case No. 30-2010-00422619-CU-BC-CJC, by the filing of a complaint (the "State Court Action").  .

2.   On February 14, 2011, Plaintiff filed a First Amended Complaint.  The FAC seeks relief based on allegations of: (1) Breach of Contract; (2) Fraud; (3) Negligent Misrepresentation; (4) Breach of Fiduciary Duty; and (5) Constructive Fraud.

On May 23, 2009, the Debtor filed a Chapter 7 voluntary petition for relief under Title 11 of the United States Code, Case No. 8:09-bk-14918-TA.  On November 24, 2009, the Debtor received his discharge.  On April 9, 2010, the Debtor reopened his bankruptcy case.  On February 14, 2011 the Chapter 7 Trustee filed a Notice of Withdrawal Re: Chapter 7 Trustee's Report of No Distribution.

1.   This Notice of Removal is accompanied by a copy of the process and pleadings in the State Court Action in accordance with Rule 9027(a)(1) of the Federal Rules of Bankruptcy Procedure.  The Term "Pleadings" is defined by Rule 7 of the Federal Rules of Civil Procedure. Copies of the above-mentioned process and pleadings are to be filed contemporaneously with this notice of removal.  Copies of the State Court Action and the FAC filed in the State Court action are attached hereto.

2.   The State Court Action, including all claims and causes of action asserted therein, is a civil action other than a proceeding before the United States Tax Court.  It is not a civil action by a government unit to enforce such governmental unit's policy or regulatory power.

NOTICE OF REMOVAL OF STATE COURT CIVIL ACTION-CASE
NO. 2:09-BK-14918-TA

1    3.  The State Court Action is a civil action that is related to the Chapter 7 Case.  The

2  Bankruptcy Court presiding over the Chapter 7 case has jurisdiction over each and every cause

3  of action asserted in the State Court action under the provisions of 28 U.S.C. § 1334(b).  The

4  Plaintiff in the State Court action is Drayage Express, Corp., the Debtor in the above-captioned

5  case (Case No. Tc023240) under Title 11 of the United States Code.  The action is one which

6  may be removed to this court pursuant to 28 U.S.C. § 1452 and this notice of removal is being

7  timely filed as required by Federal Rules of Bankruptcy Procedure Rule 9027 within 90 days

8  after the order for relief in the Case.  Resolution of the causes of action asserted in the State

9  Court Action may significantly affect the administration of the estate.  The claims or causes of

10  action in the State Court Action are core proceedings under 28 U.S.C. § 157(b)(2)(H).

11    4.  A copy of the notice for removal is being filed with the clerk of the Superior Court of the

12  State of California in and for the County of Orange, where the State Court Action was initially

13  filed.

14  ///

15  ///

16  ///

17  ///

18  ///

19  ///

20  ///

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

NOTICE OF REMOVAL OF STATE COURT CIVIL ACTION-CASE
NO. 2:09-BK-14918-TA

1  **NOW THEREFORE,** all parties to the State Court Action pending in the State Court as Case

2  No. 30-2010-00422619-CU-BC-CJC, are **Hereby Notified,** pursuant to Rule 9027(e) of the

3  Federal Rules of Bankruptcy Procedure, as follows:

4      Removal of the State Court Action and all claims and causes of action therein was

5  effected upon the filing of a copy of this notice of removal with the clerk of the state court

6  pursuant to Rule 9027(c) of the Federal Rules of Bankruptcy Procedure.  The State Court Action

7  is removed from the state court to the United States Bankruptcy Court for the Central District of

8  California, Santa Ana Division.  The parties to the State Court Action shall proceed no further in

9  the State Court unless and until the action is remanded by the Bankruptcy Court.

10

11  Dated: February 7, 2011          Respectfully Submitted,

12                                      SMITH | CAMPBELL | CLIFFORD | KEARNEY | GORE

13                                      A Professional Law Corporation

14                          By: *Christine M. Fitzgerald*

15                             Christine M. Fitzgerald

16                            Counsel to Plaintiff, Robert W. Farmer

17

18

19

20

21

22

23

24

25

26

27

28

                                    4         NOTICE OF REMOVAL OF STATE COURT CIVIL ACTION-CASE
                                         NO. 2:09-BK-14918-TA

# EXHIBIT "A"

1 | Steven C. Smith, State Bar No. 116246
Christine M. Watkins, State Bar No. 253401
2 | SMITH CAMPBELL CLIFFORD KEARNEY
1800 North Broadway, Suite 200
3 | Santa Ana, California 92706
Telephone: (714) 550-7720
4 | Facsimile: (714) 550-1251
Email:    ssmith@scck.com
5 | Email:    cwatkins@scck.com

6 | Attorneys for Plaintiff:
7 | Robert Farmer

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE
CENTRAL JUSTICE CENTER

NOV 04 2010

ALAN CARLSON, Clerk of the Court

BY:_____R. LUCEY_____DEPUTY

8 |    SUPERIOR COURT OF CALIFORNIA

9 |    COUNTY OF ORANGE, CENTRAL JUSTICE CENTER

10 | ROBERT FARMER, an individual;    ) CASE NO:    30-2010
11 |                  Plaintiff,    ) 0 0 4 2 2 6 1 9
12 |    vs.    ) JUDGE
       ) DEPT JUDGE LUIS A. RODRIGUEZ
13 | NATIONWIDE MORTGAGE CONCEPTS II,    ) C6
   LTD, a corporation; STEVEN J.    ) COMPLAINT FOR:
14 | PITCHERSKY, an individual; JOHN IRVINE,    ) 1. Breach of Contract;
   an individual; KRISTIE WOLFORD, an    ) 2. Fraud;
15 | individual; JOSHUA FRIEND, an individual;    ) 3. Negligent Misrepresentation;
   and DOES 1-100, inclusive,    ) 4. Unjust Enrichment;
16 |        ) 5. Breach of Fiduciary Duty; and
17 |                  Defendants.    ) 6. Constructive Fraud

18 | _____

19 |        COMES NOW Plaintiff Robert Farmer, and hereby complains and alleges as follows:

20 |        1.    Plaintiff ROBERT FARMER ("Plaintiff") was at all times relevant herein, an

21 | individual residing in Orange County, California.

22 |        2.    Plaintiff is informed and believes and upon that basis alleges that Defendant

23 | NATIONWIDE MORTGAGE CONCEPTS II, LTD. ("NMC") is a North Carolina corporation

24 | doing business in the State of California.

25 |        3.    Plaintiff is informed and believes and upon that basis alleges that Defendant

26 | STEVEN J. PITCHERSKY ("PITCHERSKY") was at all times relevant herein, an individual

27 | residing in Riverside County, California.

28 |        4.    Plaintiff is informed and believes and upon that basis alleges that Defendant JOHN

IRVINE ("IRVINE") was at all times relevant herein, an individual residing in Irvine, California.

1
COMPLAINT

18

Smith | Campbell | Clifford | Kearney

5.    Plaintiff is informed and believes and upon that basis alleges that Defendant KRISTIE WOLFORD ("WOLFORD") was at all times relevant herein, an individual residing in Orange County, California.

6.    Plaintiff is informed and believes and upon that basis alleges that Defendant JOSHUA FRIEND ("FRIEND") was at all times relevant herein, an individual residing in Orange County, California.

7.    The true names and capacities, whether individual, corporate, associates, or otherwise, of Defendant Does 1-100, are unknown to Plaintiff, who therefore sues said Defendants by such fictitious names. Plaintiff will amend this Complaint to show said Defendants' true names and capacities when they have been ascertained.

8.    Plaintiff is informed and believes and on that basis alleges that all of the acts and omissions alleged herein were performed by and attributable to all Defendants and Does 1-100, and each of them, each acting as the agent, employee, partner, joint venturer and associates, and/or under the direction and control of each of the other Defendants, and that said acts and failures to act were within the course and scope of said agency, employment, and/or direction and, in doing the things herein mentioned, the agents and employees of Defendants were acting under the color of that agency or employment with the knowledge, consent, permission, or authorization of each of the other Defendants and each act committed under the direction or control of each of the other Defendants was either expressly or impliedly ratified by each of the other Defendants.

9.    Plaintiff is informed and believes and on that basis alleges that there exists, and at all times relevant to this complaint existed, a unity of interest and ownership between Defendants NMC and PITCHERSKY, such that any individuality and separateness between the Defendants have ceased, and NMC is the alter ego of PITCHERSKY in that the latter controls and dominates NMC. Adherence to the fiction of the separate existence of NMC as an entity distinct from PITCHERSKY would sanction fraud and promote injustice in that, among other things, PITCHERSKY and NMC have committed numerous wrongful acts as set forth in detail below resulting in unjust enrichment to all Defendants and it is believed and therefore alleged that PITCHERSKY transfers moneys freely between the accounts of NMC and the accounts of Defendants have engaged in a pattern of behavior designed and intended to cause damage to Plaintiff.

## GENERAL ALLEGATIONS

10.    In or about 2008, Plaintiff and FRIEND were working for American Sterling Bank

Smith | Campbell | Clifford | Kearney

2

COMPLAINT

in Orange County, California.

11.    In or about 2008, Plaintiff came into contact with Defendant PITCHERSKY, who was interested in building a retail mortgage call center for NMC. Plaintiff had built a retail mortgage call center for American Sterling Bank and was experienced in such business.

12.    In or about October 2008, Plaintiff entered an oral agreement with NMC, PITCHERSKY, and FRIEND to become partners and start a business to be owned by them together; specifically, it was agreed that they would found and build a retail mortgage call center for NMC. Pursuant to the agreement, PITCHERSKY was to contribute capital from NMC, and Plaintiff and FRIEND were to use their knowledge, expertise, experience, and connections to build a retail mortgage call center for NMC (hereinafter referred to as "the BUSINESS") in Orange County, California. In exchange for their contributions and work in the BUSINESS, Plaintiff and FRIEND, together with PITCHERSKY would be partners and co-owners of the BUSINESS and as such, Plaintiff and FRIEND would receive 50% of all profits earned and would be paid $10,000.00 per month until said profits reached that level.

13.    On or about October 6, 2008, acting in reliance on the both his ownership of the Business as well as the express representations of his partner PITCHERSKY regarding both the BUSINESS and his profit sharing, Plaintiff left American Sterling Bank to begin began building the BUSINESS.

14.    Shortly thereafter, FRIEND decided to stay with his employment at American Sterling Bank.

15.    Due to FRIEND abandoning his ownership in the BUSINESS, Plaintiff and PITCHERSKY renegotiated their partnership agreement and ownership of the BUSINESS to change Plaintiff's earnings from the BUSINESS.  Specifically, it was agreed that PITCHERSKY and NMC would pay Plaintiff 40% of the profits until Plaintiff reached $100,000.00 in profits, and then Plaintiff would receive the entire 50% of the profits.

16.    On or about October 15, 2008, PITCHERSKY gave Plaintiff a check for $10,000.00 in connection with the agreement set forth above.

17.    Plaintiff continued building the BUSINESS and assembled a team of personnel to work in the BUSINESS, including Defendants IRVINE and WOLFORD.

18.    Plaintiff negotiated an oral agreement with IRVINE and WOLFORD as to the terms of their payment for work in the BUSINESS, which would be paid out from Plaintiff's ownership / partnership share earnings. On or about October 22, 2008, Plaintiff emailed

3
COMPLAINT

20

PITCHERSKY a spreadsheet setting forth such terms.  PITCHERSKY agreed to the terms set forth in the spreadsheet, including Plaintiff's ownership and partnership percentages.

19.   On Monday, October 27, 2008, Plaintiff and Defendants had a "kick-off" strategy meeting with the additional partners Plaintiff had gathered for the project.

20.   Sometime thereafter, Defendants collaborated without Plaintiff and collectively agreed to repudiate the partnership with Plaintiff and deny Plaintiff's ownership in the partnership and in the BUSINESS.

21.   In or about late November 4, 2008, Defendants indicated to Plaintiff that Plaintiff no longer owned an interest in the BUSINESS.

22.   Since that time, Defendants have continued to enjoy the profits from the partnership BUSINESS by, among other things, utilizing Plaintiff's business platform, using Plaintiff's revenue model, using Plaintiff's partnership assets and work product, and benefitting from the team of partners assembled by Plaintiff.

23.   Defendant FRIEND has since joined the partnership BUSINESS and continues to do the same.

### FIRST CAUSE OF ACTION
### BREACH OF CONTRACT
(By Plaintiff against All Defendants)

24.   Plaintiff incorporates herein by reference each and every allegation contained in paragraphs 1 through 23, as through fully set forth herein.

25.   Plaintiff entered into an oral agreement with Defendants NMC and PITCHERSKY as set forth more fully above.

26.   Plaintiff has performed all of the terms and conditions required of him to be performed under such agreement, except those which are excused by virtue of breaches made by PITCHERSKY and NMC.

27.   In or about November 4, 2008, Defendants NMC and PITCHERSKY breached their agreement with Plaintiff, by, among other things, repudiating the existence of the partnership, denying Plaintiff's ownership in the partnership / BUSINESS and assets, converting partnership assets to their own use, and failing to compensate Plaintiff for his contributions to the BUSINESS.

28.   As a proximate cause of this breach, Plaintiff has suffered damages in that the value of Plaintiff's ownership of the partnership's BUSINESS has been converted by Defendants, to their benefit and to Plaintiff's loss, in an amount to be determined according to proof at the time

Smith | Campbell | Clifford | Kearney

of trial. Plaintiff has also lost his share of the profits have been earned by the partnership BUSINESS, in a sum to be determined according to proof at the time of trial.

29. Plaintiff entered into an oral agreement with FRIEND to form a partnership for the purpose of forming, owning and managing the BUSINESS as set forth more fully above.

30. Plaintiff has performed all of the terms and conditions required of him to be performed under such agreement, except those which are excused by virtue of breaches made by FRIEND.

31. Defendant FRIEND breached his agreement with Plaintiff, by, among other things, repudiating the original partnership agreement and refusing to fulfill his obligations in the partnership BUSINESS.

32. As a proximate cause of this breach, Plaintiff has suffered damages in an amount to be determined according to proof at the time of trial. Plaintiff also lost profits that would have been earned by Plaintiff through the partnership BUSINESS but for Defendants' breach, in a sum to be determined according to proof at the time of trial.

33. Plaintiff entered into an oral agreement with Defendants IRVINE and WOLFORD as set forth more fully above.

34. Plaintiff has performed all of the terms and conditions required of him to be performed under such agreement, except those which are excused by virtue of breaches made by IRVINE and WOLFORD.

35. Defendants IRVINE and WOLFORD breached their agreement with Plaintiff, by, among other things, failing to adhere to the terms of the earnings schedule agreed upon by the parties, and failing to work with Plaintiff in the BUSINESS in the manner outlined in the agreement.

36. As a proximate cause of this breach, Plaintiff has suffered damages in an amount to be determined according to proof at the time of trial. Plaintiff also lost profits that would have been earned by Plaintiff through the partnership BUSINESS but for Defendants' breach, in a sum to be determined according to proof at the time of trial.

## SECOND CAUSE OF ACTION

### FRAUD

#### (By Plaintiff against All Defendants)

37. Plaintiff incorporates herein by reference each and every allegation contained in paragraphs 1 through 36, as through fully set forth herein.

38.    Defendants represented to Plaintiff that in exchange for his knowledge, skill, experience in the business, work performed, business plan, and revenue model, Plaintiff would share in the ownership of the partnership BUSINESS and be compensated in the manner that was agreed upon by the parties.

39.    Defendant FRIEND represented to Plaintiff in October 2008 that FRIEND was not going to participate in the BUSINESS.

40.    When Defendants made these representations, they knew them to be false and made these representations with the intention to deceive and to defraud Plaintiff and to induce him to act in reliance on these representations in the manner herein alleged, or with the expectation that Plaintiff would so act. Defendants made one payment to Plaintiff to lead him to believe that they intended to perform their obligations under the agreement. Then after Plaintiff provided valuable services and information, Defendants, abruptly and without any valid basis, cut Plaintiff out.

41.    At the time the promise was made and at the time Plaintiff took the actions herein alleged, Plaintiff was ignorant of defendant's secret intention not to perform and could not, in the exercise of reasonable diligence, have discovered defendant's secret intention. In reliance on Defendants' promises, Plaintiff contributed to the partnership BUSINESS by, among other things, providing his knowledge, skill, experience in the business, time and energy, business plan, and revenue model.

42.    Had Plaintiff known that Defendants' representations were false, Plaintiff would not have acted in reliance thereon and provided Defendants with the contributions listed above.

43.    As a proximate result of the fraudulent conduct of Defendants as herein alleged, Plaintiff has suffered financial loss in an amount to be determined according to proof at the time of trial.

44.    Defendants acted intentionally in order to deprive Plaintiff of his earnings. Defendants' despicable conduct subjected Plaintiff to cruel and unjust hardship and constituted a conscious disregard of Plaintiff's rights, so as to justify an award of exemplary and punitive damages.

### THIRD CAUSE OF ACTION

### NEGLIGENT MISREPRESENTATION

(By Plaintiff against All Defendants)

45.    Plaintiff incorporates herein by reference each and every allegation contained in paragraphs 1 through 44, as through fully set forth herein.

46.    Defendants made certain misrepresentations to Plaintiff including the misrepresentations set forth above.

47.    When Defendants made these misrepresentations, they had no reasonable ground for believing them to be true.

48.    Defendants made these misrepresentations to Plaintiff with the intention of inducing Plaintiff to act in reliance on the representations in the manner herein alleged, or with the expectation that Plaintiff would do so.

49.    Plaintiff was ignorant of the falsity of the representations at the time they were made, and believed them to be true.

50.    Had Plaintiff known the actual facts, he would not have taken such actions.

51.    Plaintiff's reliance on the representations was justified because Defendants held themselves out to be trustworthy and reliable business people, genuinely interested in developing the business project agreed to.

52.    As a proximate result of the conduct of Defendants, Plaintiff has been damaged in an amount to be determined according to proof at the time of trial.

## FOURTH CAUSE OF ACTION
## UNJUST ENRICHMENT
### (By Plaintiff against All Defendants)

53.    Plaintiff incorporates herein by reference each and every allegation contained in paragraphs 1 through 52, as though fully set forth herein.

54.    Within the last four years, Defendants received substantial benefits that were conferred at the expense of Plaintiff, as set forth more fully above.

55.    Such benefits were conferred by mistake, fraud, coercion, and/or request.

56.    Defendants' retention of these benefits would be unjust under the circumstances.

57.    As a result of such misconduct, Defendants, and each of them, have been unjustly enriched, and are in possession of money and/or property which in good conscious and justice belongs to Plaintiffs.

58.    As a direct and proximate result of the inequitable retention of the benefits conferred upon Defendants, Plaintiff has incurred damages in an amount to be determined according to proof at the time of trial.

//

//

Smith | Campbell | Clifford | Kearney

## FIFTH CAUSE OF ACTION
## BREACH OF FIDUCIARY DUTY

(By Plaintiff against All Defendants)

59.    Plaintiff incorporates herein by reference each and every allegation contained in paragraphs 1 through 58, as though fully set forth herein.

60.    Defendants are the majority owners of the Business and partners with Plaintiff. As such, Defendants, and each of them, owes a fiduciary duty to Plaintiff as a partner and minority owner. Said duty requires Defendants to refrain from using their controlling authority to produce partnership and Business actions unfair to Plaintiff. By intentionally repudiating the existence of the partnership, denying Plaintiff's interest in the partnership / Business, and by diverting Plaintiffs proceeds and profits to themselves, Defendants have breached their fiduciary duty of care owed to Plaintiff as well as the duty of care imposed by Corporations Code Section 1604(c) to the partnership and to Plaintiff.

61.    As a proximate result of Defendants' breach of their duty of care to the partnership and to Plaintiff, Plaintiff has suffered damages in an amount to be determined according to proof at the time of trial. Plaintiff also lost profits that would have been earned by Plaintiff through the partnership BUSINESS but for Defendants' breach, in a sum to be determined according to proof at the time of trial.

## SIXTH CAUSE OF ACTION
## CONSTRUCTIVE FRAUD

(By Plaintiff against All Defendants)

62.    Plaintiff incorporates herein by reference each and every allegation contained in paragraphs 1 through 63, as though fully set forth herein.

63.    By virtue of the partnership agreements, the relationship between Plaintiff and Defendants was fiduciary in nature. Defendants thereby owed Plaintiff the fiduciary duties of loyalty and care, and the obligation to conduct the partnership business in good faith and fair dealing. Because Plaintiff's confidence in Defendants' integrity caused Plaintiff to entrust Defendants with the authority to act for the partnership, a confidential relationship existed at all times herein mentioned between Plaintiff and Defendants.

64.    Defendants breached their fiduciary duties to Plaintiff and violated the relationship of trust and confidence by excluding Plaintiff from his interest in the partnership BUSINESS and assets, and by securing an advantage over Plaintiff by misleading Plaintiff to his prejudice.

Smith | Campbell | Clifford | Kearney

65.    Plaintiff placed confidence in and relied on Defendants until in or about late November, 2008, when Plaintiff discovered Defendants' acts committed in breach of their fiduciary duties. Until that date, Plaintiff had reasonably relied on Defendants in view of their relationship as partners, and particularly under the terms of the partnership agreements.

66.    As a result of Defendants' fraud as herein alleged, Plaintiff has been damaged in a sum to be determined according to proof at the time of trial.

**PRAYER:**

**WHEREFORE**, Plaintiff prays for judgment against Defendants and each of them as follows:

1.    For general damages in a sum to be determined according to proof;

2.    For compensatory damages in a sum to be determined according to proof;

3.    For interest on the sum, at the maximum legal rate;

4.    For past and future loss of earnings;

5.    For punitive and exemplary damages

6.    For costs of suit herein incurred;

7.    For such other and further relief as the court may deem proper.

Dated: November 4, 2010

SMITH CAMPBELL CLIFFORD KEARNEY

By:

STEVEN C. SMITH
CHRISTINE M. WATKINS
Attorneys for plaintiff Robert Farmer

Smith | Campbell | Clifford | Kearney

1  Steven C. Smith, State Bar No. 116246
   Christine M. Watkins, State Bar No. 253401
2  SMITH CAMPBELL CLIFFORD KEARNEY GORE
   1800 North Broadway, Suite 200
3  Santa Ana, California 92706
   Telephone: (714) 550-7720
4  Facsimile: (714) 550-1251
   Email:    ssmith@scckg.com
5  Email:    cwatkins@scckg.com

6  Attorneys for Plaintiff:
   Robert Farmer
7

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE
CENTRAL JUSTICE CENTER

FEB 14 2011

ALAN CARLSON, Clerk of the Court

BY:___M. CURRY___,DEPUTY

8          SUPERIOR COURT OF CALIFORNIA

9     COUNTY OF ORANGE, CENTRAL JUSTICE CENTER

10  ROBERT FARMER, an individual;           )    CASE NO: 30-2010-00422619-CU-BC-CJC
                                             )
11                    Plaintiff,             )    JUDGE Luis A. Rodriguez
                                             )    DEPT:  C6
12       vs.                                 )
                                             )    FIRST AMENDED COMPLAINT FOR:
13  NATIONWIDE MORTGAGE CONCEPTS II,         )    1. Breach of Contract
    LTD, a corporation; STEVEN J.            )    2. Fraud
14  PITCHERSKY, an individual; JOHN IRVINE,  )    3. Negligent Misrepresentation
    an individual; KRISTIE WOLFORD, an       )    4. Breach of Fiduciary Duty
15  individual; JOSHUA FRIEND, an individual;)    5. Constructive Fraud
    and DOES 1-100, inclusive,               )
16                                           )
                                             )
17                    Defendants.            )
                                             )
18  _____     )

19          COMES NOW Plaintiff Robert Farmer, and hereby complains and alleges as follows:

20          1.    Plaintiff ROBERT FARMER ("Plaintiff") was at all times relevant herein, an

21  individual residing in Orange County, California.

22          2.    Plaintiff is informed and believes and upon that basis alleges that Defendant

23  NATIONWIDE MORTGAGE CONCEPTS II, LTD. ("NMC") is a North Carolina corporation

24  doing business in the State of California.

25          3.    Plaintiff is informed and believes and upon that basis alleges that Defendant

26  STEVEN J. PITCHERSKY ("PITCHERSKY") was at all times relevant herein, an individual

    residing in the Riverside County, California.

27          4.    Plaintiff is informed and believes and upon that basis alleges that Defendant JOHN

28  IRVINE ("IRVINE") was at all times relevant herein, an individual residing in Irvine, California.

---

1

FIRST AMENDED COMPLAINT

27

*(left margin, vertical text)* Smith | Campbell | Clifford | Kearney | Gore

5.    Plaintiff is informed and believes and upon that basis alleges that Defendant KRISTIE WOLFORD ("WOLFORD") was at all times relevant herein, an individual residing in Orange County, California.

6.    Plaintiff is informed and believes and upon that basis alleges that Defendant JOSHUA FRIEND ("FRIEND") was at all times relevant herein, an individual residing in Orange County, California.

7.    The true names and capacities, whether individual, corporate, associates, or otherwise, of Defendant Does 1-100, are unknown to Plaintiff, who therefore sues said Defendants by such fictitious names. Plaintiff will amend this Complaint to show said Defendants' true names and capacities when they have been ascertained.

8.    Plaintiff is informed and believes and on that basis alleges that all of the acts and omissions alleged herein were performed by and attributable to all Defendants and Does 1-100, and each of them, each acting as the agent, employee, partner, joint venturer and associates, and/or under the direction and control of each of the other Defendants, and that said acts and failures to act were within the course and scope of said agency, employment, and/or direction and, in doing the things herein mentioned, the agents and employees of Defendants were acting under the color of that agency or employment with the knowledge, consent, permission, or authorization of each of the other Defendants and each act committed under the direction or control of each of the other Defendants was either expressly or impliedly ratified by each of the other Defendants.

9.    Plaintiff is informed and believes and on that basis alleges that there exists, and existed, a unity of interest and ownership between Defendants NMC and PITCHERSKY, such that any individuality and separateness between the Defendants have ceased, and NMC is the alter ego of PITCHERSKY in that the latter controls and dominates NMC. Adherence to the fiction of the separate existence of NMC as an entity distinct from PITCHERSKY would sanction fraud and promote injustice in that, among other things, PITCHERSKY and NMC have committed numerous wrongful acts as set forth in detail below resulting in unjust enrichment to all Defendants and it is believed that PITCHERSKY transfers moneys freely between the accounts of NMC and the accounts of Defendants have engaged in a pattern of behavior designed and intended to cause damage to Plaintiff.

## GENERAL ALLEGATIONS

10.    In or about 2008, Plaintiff and Defendant FRIEND were working for American Sterling Bank in Orange County, California.

Smith | Campbell | Clifford | Kearney | Gore

11.     In or about 2008, Plaintiff came into contact with Defendant PITCHERSKY, who was interested in building a retail mortgage call center for NMC. Plaintiff had built a retail mortgage call center for American Sterling Bank and was experienced in such business.

12.     In or about October 2008, Plaintiff entered an oral agreement with NMC, PITCHERSKY and FRIEND wherein Plaintiff, PITCHERSKY, and FRIEND would become partners in building and managing a retail mortgage call center (hereinafter referred to as "the BUSINESS") for NMC. Pursuant to the agreement, PITCHERSKY and NMC were to contribute capital, and Plaintiff and FRIEND were to use their knowledge, expertise, experience, and connections to build a retail mortgage call center for NMC in Orange County, California. In exchange for their contributions and work in the BUSINESS, Plaintiff and FRIEND were to share in the ownership of the partnership BUSINESS with PITCHERSKY and together Plaintiff and FRIEND would receive 50% of all profits earned. In addition, under the agreement, Plaintiff and FRIEND would be paid $10,000.00 per month each until said profits reached that level.

13.     On or about October 6, 2008, Plaintiff left American Sterling Bank in reliance on this agreement and began building the BUSINESS.

14.     Sometime thereafter, FRIEND indicated to Plaintiff that he would not be working in the BUSINESS and that he decided to stay with his employment at American Sterling Bank.

15.     Plaintiff later learned that Defendant FRIEND had not abandoned the BUSINESS, but was negotiating a different agreement with NMC and PITCHERSKY without Plaintiff's knowledge or awareness.

16.     In November or December 2008, Defendant FRIEND breached his agreement with Plaintiff by entering a different and conflicting agreement with NMC and PITCHERSKY with regard to the BUSINESS.

17.     Due to FRIEND's misrepresentations to Plaintiff and indication that FRIEND would not be working in the business, Plaintiff and PITCHERSKY modified their partnership agreement as to Plaintiff's earnings from the BUSINESS. Specifically, NMC would now pay Plaintiff and his team 40% of the profits until Plaintiff reached $100,000.00 in profits, and then Plaintiff would receive the entire 50% of the profits.

18.     On or about October 15, 2008, PITCHERSKY gave Plaintiff a check for $10,000.00 to consummate the agreement set forth above.

19.     Plaintiff believes that Defendants NMC, PITCHERSKY, and FRIEND conspired against Plaintiff in order to reap the rewards of Plaintiff's ideas, effort, time, and work in creating

Smith | Campbell | Clifford | Kearney | Gore

1  and building the BUSINESS, at a lower cost to themselves.

2        20.    Plaintiff continued building the BUSINESS and assembled a team of personnel to

3  work in the BUSINESS, which included Defendants IRVINE and WOLFORD.

4        21.    Plaintiff negotiated an oral agreement with IRVINE and WOLFORD wherein they

5  would work for Plaintiff in the BUSINESS.  On or about October 22, 2008, Plaintiff emailed

   PITCHERSKY a spreadsheet setting forth such terms, which is attached hereto as Exhibit "A."

6        22. According to the terms of Plaintiff's oral agreement with IRVINE and WOLFORD, if

7  the team's net revenue was under $200,000, IRVINE and WOLFORD would each get a

8  $3,500.00 base salary for work performed in the BUSINESS, plus commission.  If the team's net

9  revenue was $200,000 or above, IRVINE and WOLFORD would retain their salaries and give up

   their commissions for a profit-sharing plan as set forth in Exhibit "A."  According to the profit-

10 sharing plan, IRVINE and WOLFORD would each get a percentage of Plaintiff's 50% profits, the

11 percentage based on the amount of net revenue brought in by Plaintiff's team.  Plaintiff's team

12 included Plaintiff, IRVINE, WOLFORD, and one other individual.

13       23.    On Monday, October 27, 2008, Plaintiff and Defendants NMC, PITCHERSKY,

14 IRVINE, and WOLFORD had a "kick-off" strategy meeting with additional partners Plaintiff had

15 gathered for the project.

16       24.    Notwithstanding the work that Plaintiff had performed, the promises that had been

17 made, and Plaintiff's reliance thereon, sometime thereafter, Defendants NMC, PITCHERSKY,

   IRVINE, WOLFORD, and FRIEND collaborated without Plaintiff and collectively agreed to

18 repudiate their respective agreements with Plaintiff.

19       25.    In or about November, 2008, Defendants indicated to Plaintiff that Plaintiff no

20 longer held a partnership interest in the BUSINESS, and was no longer part of the BUSINESS.

21       26.    Since that time, Defendants and each of them have continued to grow and develop

22 the partnership BUSINESS by, among other things, launching Plaintiff's business platform, using

   Plaintiff's revenue model and other work product, and benefitting from the team of partners

23 assembled by Plaintiff.

24       27.    Plaintiff is unaware of the number of entities now associated with the BUSINESS,

25 nor their type or identities.

26

27

28

4

FIRST AMENDED COMPLAINT

30

Smith | Campbell | Clifford | Kearney | Gore

### FIRST CAUSE OF ACTION

### BREACH OF ORAL CONTRACT

(By Plaintiff against All Defendants)

28.    Plaintiff incorporates herein by reference each and every allegation contained in paragraphs 1 through 27, as through fully set forth herein.

29.    Plaintiff entered into an oral partnership agreement with Defendants NMC and PITCHERSKY as set forth more fully above.

30.    Plaintiff has performed all of the terms and conditions required of him to be performed under such agreement, except those which are excused by virtue of breaches made by PITCHERSKY and NMC.

31.    On or about November 2008, Defendants NMC and PITCHERSKY breached their agreement with Plaintiff, by, among other things, repudiating the existence of the partnership, denying Plaintiff's interest in the partnership BUSINESS and assets, converting partnership assets to their own use, and failing to compensate Plaintiff for his contributions to the BUSINESS.

32.    As a proximate cause of this breach, Plaintiff has suffered damages in that he contributed value to the partnership BUSINESS in an amount to be determined according to proof at the time of trial.  Plaintiff also lost profits that would have been earned by Plaintiff through the partnership BUSINESS but for these breaches, in a sum to be determined according to proof at the time of trial.

33.    Plaintiff entered into an oral agreement with FRIEND to form a partnership with NMC and PITCHERSKY for the purpose of forming and managing the BUSINESS as set forth more fully above.

34.    Plaintiff has performed all of the terms and conditions required of him to be performed under such agreement, except those which are excused by virtue of breaches made by FRIEND.

35.    Defendant FRIEND breached his agreement with Plaintiff, by, among other things, entering into a different agreement with NMC and PITCHERSKY with regard to the BUSINESS, in November or December 2008.

36.    As a proximate cause of this breach, Plaintiff has suffered damages in an amount to be determined according to proof at the time of trial.  Plaintiff also lost profits that would have been earned by Plaintiff through the partnership BUSINESS but for this breach by FRIEND, in a sum to be determined according to proof at the time of trial.

5

FIRST AMENDED COMPLAINT

37.   Plaintiff entered into an oral partnership agreement with Defendants IRVINE and WOLFORD as set forth more fully above.

38.   Plaintiff has performed all of the terms and conditions required of him to be performed under such agreement, except those which are excused by virtue of breaches made by IRVINE and WOLFORD.

39.   Defendants IRVINE and WOLFORD breached their agreement with Plaintiff, by, among other things, failing to adhere to the terms of the earnings schedule agreed upon by the parties, and failing to work with Plaintiff in the BUSINESS in the manner outlined in the agreement.

40.   As a proximate cause of this breach, Plaintiff has suffered damages in an amount to be determined according to proof at the time of trial. Plaintiff also lost profits that would have been earned by Plaintiff through the partnership BUSINESS but for these breaches by IRVINE and WOLFORD, in a sum to be determined according to proof at the time of trial.

## SECOND CAUSE OF ACTION

## FRAUD

(By Plaintiff against All Defendants)

41.   Plaintiff incorporates herein by reference each and every allegation contained in paragraphs 1 through 40, as through fully set forth herein.

42.   Defendants PITCHERSKY, NMC, and FRIEND represented to Plaintiff that in exchange for his knowledge, skill, experience in the business, work performed, business plan, and revenue model, Plaintiff would share in the ownership of the partnership BUSINESS and be compensated in the manner that was agreed upon by the parties.

43.   When Defendants PITCHERSKY, NMC, and FRIEND made these representations, they knew them to be false and made these representations to Plaintiff with the intention to deceive and to defraud Plaintiff, and to induce him to act in reliance on these representations in the manner herein alleged, or with the expectations that Plaintiff would so act.

44.   Sometime in October or November 2008, Defendant FRIEND represented to Plaintiff that he was abandoning the partnership BUSINESS and staying at his place of employment. This caused Plaintiff to put in additional hours of time in starting and growing the BUSINESS, and to do additional work in relation to BUSINESS, which time and work FRIEND was supposed to have split with Plaintiff.

45.   When Defendant FRIEND made these representations, he knew them to be false

Smith | Campbell | Clifford | Kearney| Gore

1  and made these representations with the intention to deceive and to defraud Plaintiff and to induce

2  him to act in reliance on these representations, knowing that he (FRIEND) was negotiating a

3  different deal with Defendants NMC and PITCHERSKY to work in the BUSINESS, and that he

4  would reap the benefits of Plaintiff's work. Defendant FRIEND did this with the expectation that

5  Plaintiff would so act, and he did so to avoid taking the risks Plaintiff was forced to take, and to

6  bypass the time, effort, and resources that Plaintiff was forced to invest in the BUSINESS in its

   initial months of growth and development.

7  　　46.　In approximately October 2008, Defendants IRVINE and WOLFORD represented

8  to Plaintiff that they would work in the BUSINESS with Plaintiff, in accordance with the salary

9  and commission scheme they had agreed upon, as set forth more fully above.

10  　　47.　When Defendants IRVINE and WOLFORD made these representations, they knew

11  them to be false and made them with the intention to deceive and to defraud Plaintiff, and to

12  induce him to continue sharing ideas, plans, business platforms, structures, contacts, resources,

   and work product with them, which they would continue to use with the BUSINESS after they

13  severed Plaintiff from the BUSINESS. Defendants IRVINE and WOLFORD did this with the

14  expectation that Plaintiff would so act, and did so to extract as much value as they could from

15  Plaintiff before removing him from the BUSINESS.

16  　　48.　At the time these promises were made, and at the time Plaintiff performed work

   and shared ideas, and built the BUSINESS as herein alleged, Plaintiff was ignorant of the secret

17  intentions of Defendants NMC, PITCHERSKY, FRIEND, IRVINE, and WOLFORD, as set forth

18  above. Plaintiff could not, in the exercise of reasonable diligence, have discovered these secret

19  intentions. In reliance on these promises, Plaintiff continued building the BUSINESS and

20  contributing to the partnership in every way that he could, in order to make it successful. This

21  included sharing ideas, providing his knowledge, skill, experience in the business, business plan,

22  and revenue model, and spending time and energy getting the BUSINESS off the ground.

23  　　49.　Had Plaintiff known that the representations of NMC, PITCHERSKY, FRIEND,

   IRVINE, and WOLFORD were false, as set forth above, Plaintiff would not have acted in reliance

24  thereon and provided Defendants with such contributions.

25  　　50.　As a proximate result of the fraudulent conduct of Defendants as herein alleged,

26  Plaintiff has suffered financial loss in an amount to be determined according to proof at the time of

27  trial.

28  　　51.　Defendants acted intentionally in order to deprive Plaintiff of his earnings.

FIRST AMENDED COMPLAINT

1    Defendants' despicable conduct subjected Plaintiff to cruel and unjust hardship and constituted a

2    conscious disregard of Plaintiff's rights, so as to justify an award of exemplary and punitive

3    damages.

### THIRD CAUSE OF ACTION

### NEGLIGENT MISREPRESENTATION

(By Plaintiff against All Defendants)

6        52.    Plaintiff incorporates herein by reference each and every allegation contained in

7    paragraphs 1 through 51, as through fully set forth herein.

8        53.    Defendants and each of them made certain representations to Plaintiff with regard

9    to the BUSINESS, as set forth more above.

10        54.    Defendants PITCHERSKY, NMC, and FRIEND represented to Plaintiff that in

11    exchange for his knowledge, skill, experience in the business, work performed, business plan, and

12    revenue model, Plaintiff would share in the ownership of the partnership BUSINESS and be

13    compensated in the manner that was agreed upon by the parties.

        55.    Defendant FRIEND represented to Plaintiff that he was abandoning the partnership

14    BUSINESS and staying at his place of employment.

15        56.    In approximately October 2008, Defendants IRVINE and WOLFORD represented

16    to Plaintiff that they would work in the BUSINESS with Plaintiff, in accordance with the salary

17    and commission scheme they had agreed upon, as set forth more fully above.

18        57.    Each of these representations was untrue.

        58.    Defendants and each of them made other untrue representations to Plaintiff,

19    individually and/or collectively, which are unknown at this time.

20        59.    When Defendants and each of them made these representations, as set forth above,

21    they had no reasonable ground for believing them to be true.

22        60.    Defendants and each of them made these representations to Plaintiff with the

23    intention of inducing Plaintiff to act in reliance on these representations in the manner herein

        alleged, or with the expectation that Plaintiff would do so.

24        61.    Plaintiff was ignorant of the falsity of these representations at the time they were

25    made, and believed them to be true.

26        62.    Had Plaintiff known the actual facts, he would not have acted in reliance of them,

27    as set forth more fully above.

28        63.    Plaintiff's reliance on the representations was justified because Defendants and

8

Smith | Campbell | Clifford | Kearney | Gore

1  each of them held themselves out to be trustworthy and reliable business people, genuinely

2  interested in developing the BUSIENSS as agreed to.

3      64.    As a proximate result of the conduct of Defendants, Plaintiff has been damaged in

4  an amount to be determined according to proof at the time of trial.

5                      **FOURTH CAUSE OF ACTION**

6                      **BREACH OF FIDUCIARY DUTY**

                        (By Plaintiff against All Defendants)

7      65.    Plaintiff incorporates herein by reference each and every allegation contained in

8  paragraphs 1 through 64, as though fully set forth herein.

9      66.    Defendants and each of them, at one time or another, were Plaintiff's partners in the

10 partnership BUSINESS.

11     67.    By nature of this relationship, Defendants, and each of them, owed Plaintiff and the

12 partnership BUSINESS certain fiduciary duties.

13     68.    By deceiving Plaintiff, making false representations as set forth above, and

14 intentionally repudiating the existence of the partnership and denying Plaintiff's interest in the

15 partnership business, Defendants have breached the duty of care imposed by Corporations Code

   Section 1604(c) to the partnership and to Plaintiff.

16     69.    As a proximate result of Defendants' breach of their duty of care to the partnership

17 and to Plaintiff, Plaintiff has suffered damages in an amount to be determined according to proof

18 at the time of trial.  Plaintiff also lost profits that would have been earned by Plaintiff through the

   partnership BUSINESS but for Defendants' breach, in a sum to be determined according to proof

19 at the time of trial.

20                      **FIFTH CAUSE OF ACTION**

21                      **CONSTRUCTIVE FRAUD**

22                      (By Plaintiff against All Defendants)

23     70.    Plaintiff incorporates herein by reference each and every allegation contained in

   paragraphs 1 through 69, as though fully set forth herein.

24     71.    Defendants and each of them, at one time or another, were Plaintiff's partners in the

25 partnership BUSINESS.

26     72.    By nature of this relationship, Defendants, and each of them, owed Plaintiff and the

27 partnership BUSINESS certain fiduciary duties.

28     73.    By virtue of the partnership agreements, the relationship between Plaintiff and each

Smith | Campbell | Clifford | Kearney| Gore

9

Defendant was fiduciary in nature. Defendants and each of them thereby owed Plaintiff the fiduciary duties of loyalty and care, and the obligation to conduct the partnership business in good faith and fair dealing. Because Plaintiff's confidence in Defendants' integrity caused Plaintiff to entrust Defendants with the authority to act for the partnership, a confidential relationship existed at all times herein mentioned between Plaintiff and each of the Defendants.

74.    Defendants breached their respective fiduciary duties to Plaintiff and violated the relationship of trust and confidence by breaching their respective agreements with Plaintiff, as set forth more fully above, making false representations to Plaintiff, as set forth more fully above, and in excluding Plaintiff from his interest in the partnership BUSINESS and assets.

75.    Plaintiff placed confidence in and relied on Defendants and each of them with regard to their respective agreements with him, until on or about November and/or December 2008, when Plaintiff discovered that his agreements with each Defendants had been breached, and that false representations had been made to him by each of the Defendants, as set forth more fully above. Until that date, Plaintiff had reasonably relied on Defendants and each of them in view of their relationship as partners, and particularly under the terms of their respective agreements with Plaintiff, as set forth above.

76.    As a result of the fraud committed by Defendants and each of them as herein alleged, Plaintiff has been damaged in a sum to be determined according to proof at the time of trial.

### PRAYER:

WHEREFORE, Plaintiff prays for judgment against Defendants and each of them as follows:

1.    For general damages in a sum to be determined according to proof;

2.    For compensatory damages in a sum to be determined according to proof;

3.    For restitutionary damages in a sum to be determined according to proof;

4.    For interest on the sum, at the maximum legal rate;

5.    For past and future loss of earnings;

6.    For punitive and exemplary damages

7.    For costs of suit herein incurred;

///
///
///

Smith | Campbell | Clifford | Kearney| Gore

1      8.    For such other and further relief as the court may deem proper.

2

3   Dated: February 14, 2011      SMITH CAMPBELL CLIFFORD KEARNEY GORE

4

5

6              By: _____

                        STEVEN C. SMITH

7                     CHRISTINE M. WATKINS

                Attorneys for Plaintiff Robert Farmer

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Smith | Campbell | Clifford | Kearney | Gore

**PROOF OF SERVICE**

*FARMER v NATIONWIDE MORTGAGE CONCEPTS II*

I, the undersigned, declare that I am over the age of 18 years, employed in the County of Orange, and not a party to the within action. My business address is 1800 North Broadway, Suite 200, Santa Ana, CA 92706. On February 14, 2011, I served the following:

**FIRST AMENDED COMPLAINT**

on all interested parties in this action by placing [ ] the original [X] a true copy thereof, enclosed in a sealed envelope with postage pre-paid, addressed as follows:

**SEE ATTACHED SERVICE LIST**

[ ]    *[MAIL]* by placing the document(s) listed above in a sealed envelope with postage hereon fully prepaid, in the United States mail at Santa Ana, California, addressed as set forth below:

[X]    *[FACSIMILE]* by transmitting *Via Facsimile* the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.

[ ]    *[OVERNIGHT MAIL]* by *Federal Express* of the document(s) listed above to the person(s) at the address(es) set forth below.

[ ]    *PERSONAL DELIVERY]* by causing delivery by _____ of the document(s) listed above to the person(s) at the address(es) set forth below.

[ ]    *[EMAIL]* by causing to be sent via electronic mail in the above mentioned document to the parties on the attached service list.

I am readily familiar with the firm's practice of collection and processing correspondence for mail. Under that practice, it would be deposited with the U.S. Postal Service on the same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on February 14, 2011, in Santa Ana, California.

CONNIE MORALES

1

2

**PROOF OF SERVICE - SERVICE LIST**
*FARMER v NATIONWIDE MORTGAGE CONCEPTS II*

| | |
|---|---|
| Jeffrey J. Zuber – Raffi V. Zerounian<br>ZUBER & TAILLIEU<br>777 S. Figueroa Street, 37th Floor<br>Los Angeles, CA 90017<br>    (213) 596-5620<br>    Fax: (213) 596-5621 | Attorneys for Defendants<br>JON IRVINE and KRISTIE WOLFORD |
| Jennifer Friend<br>Kenneth M. Natelborg<br>SELMAN BREITMAN<br>6 Hutton Center Drive, Suite 1100<br>Santa Ana, CA 92707<br>    (714) 647-9700<br>    Fax: (714) 647-9200 | Attorneys for Defendants:<br>JOSHUA FRIEND |
| Karina B. Sterman – Pantea Yashar<br>ERVIN COHEN & JESSUP<br>9401 Wilshire Blvd., 9th Floor<br>Beverly Hills, CA 90212-2974<br>    (310) 273-6333<br>    Fax: (310) 859-2325 | Attorneys for Defendants:<br>NATIONWIDE MORTGAGE CONCEPTS II, LTD.<br>and STEVEN J. Pitchersky |

Smith | Campbell | Clifford | Kearney | Gore

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CM/ECF - U.S. Bankruptcy Court (v3.3.3 - LIVE)          https://ecf.cacb.uscourts.gov/cgi-bin/Dispatch.pl?537264403293094

## Open Adversary Case

### U.S. Bankruptcy Court

### Central District Of California

Notice of Electronic Filing

The following transaction was received from Fitzgerald, Christine entered on 2/17/2011 at 1:07 PM PST
and filed on 2/17/2011

| | |
|---|---|
| **Case Name:** | Farmer v. Nationwide Mortgage Concepts et al |
| **Case Number:** | 8:11-ap-01081-TA |
| **Document Number:** 1 | |
| **Case Name:** | Robert W. Farmer and Patricia Farmer |
| **Case Number:** | 8:09-bk-14918-TA |
| **Document Number:** 33 | |

**Docket Text:**
Adversary case 8:11-ap-01081. Notice of Removal *of State Court Action* by Robert W. Farmer. Fee
Amount $250 Nature of Suit: (01 (Determination of removed claim or cause)) (Fitzgerald, Christine)

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** doc20110217134539.pdf
**Electronic document Stamp:**
[STAMP bkecfStamp_ID=1106918562 [Date=2/17/2011] [FileNumber=42801948-
0] [2ed77d4a10a669f5b8a702ae602a31b322d122d945c047e2a726234f7a9fd00a35
00a1a4d9adf689af2b0e154f39476e47883e00acf7b6b40fd3b426772cd929]]
**Document description:** Main Document
**Original filename:** doc20110217134539.pdf
**Electronic document Stamp:**
[STAMP bkecfStamp_ID=1106918562 [Date=2/17/2011] [FileNumber=42801949-
0] [454c251956824290bc9df2eafc7a4d9727ce880ecaca8baa0886ffcf062f12f604
f35bec0190f410523ed0b76ac8ff480650213768ad9be6171e7563f4bd9de9]]

**8:11-ap-01081-TA Notice will be electronically mailed to:**

United States Trustee (SA)
ustpregion16.sa.ecf@usdoj.gov

**8:11-ap-01081-TA Notice will not be electronically mailed to:**

Robert W. Farmer
11202 Arroyo Ave
Santa Ana, CA 92705

Joshua Friend

c/o Kenneth M. Natelborg
Selman Breitman
6 Hutton Center Dr. Suite 1100
Santa Ana, CA 92707

John Irvine
c/o Jeffrey J Zuber
Zuber & Taillieu
777 S. Figueroa St. 37th floor
Los Angeles, CA 90017

Nationwide Mortgage Concepts
c/o Karina B. Sterman
Ervin Cohen & Jessup
9401 Wilshire 9th Floor\
Beverly Hills, CA 90212

Steven J Pitchersky
c/o Karina B. Sterman
Ervin Cohen & Jessup
9401 Wilshire 9th Floor
Beverly Hills, CA 90212

Kristie Wolford
c/o Jeffrey J Zuber
Zuber & Taillieu
777 S. Figueroa St. 37th floor
Los Angeles, CA 90017

**8:09-bk-14918-TA Notice will be electronically mailed to:**

Paimon Banani on behalf of Debtor Robert Farmer
pai@legalhelpers.com, bananiecf@gmail.com;courtnotice@legalhelpers.com

Weneta M Kosmala (TR)
Weneta.Kosmala@7trustee.net,
ca15@ecfcbis.com;wkosmala@kosmalalaw.com;dfitzger@kosmalalaw.com;kgeorge@kosmalalaw.com

Martina A Slocomb on behalf of Creditor Steve Lee
mslocomb@marshackhays.com

United States Trustee (SA)
ustpregion16.sa.ecf@usdoj.gov

**8:09-bk-14918-TA Notice will not be electronically mailed to:**

# EXHIBIT "B"

1  Steven C. Smith, State Bar No. 116246
2  Christine M. Watkins, State Bar No. 253401
   SMITH CAMPBELL CLIFFORD KEARNEY GORE
   1800 North Broadway, Suite 200
3  Santa Ana, California 92706
   Telephone: (714) 550-7720
4  Facsimile: (714) 550-1251
   Email:    ssmith@scckg.com
5  Email:    cwatkins@scckg.com

6  Attorneys for Plaintiff
7  Robert Farmer

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE
CENTRAL JUSTICE CENTER

FEB 18 2011

ALAN CARLSON, Clerk of the Court

BY:____A. RINCON____,DEPUTY

8

9           SUPERIOR COURT OF CALIFORNIA

10          COUNTY OF ORANGE, CENTRAL JUSTICE CENTER

11  ROBERT FARMER, an individual;          )    CASE NO: 30-2010-00422619-CU-BC-CJC
                                           )
12          Plaintiff,                     )    JUDGE LUIS A. RODRIGUEZ
                                           )    DEPT: C6
13          vs.                            )
                                           )
14  NATIONWIDE MORTGAGE CONCEPTS II,       )    Complaint Filed:  November 4, 2010
    LTD, a corporation; STEVEN J.          )    Trial Date:       None
15  PITCHERSKY, an individual; JON IRVINE, )
    an individual; KRISTIE WOLFORD, an     )    **NOTICE OF FILING OF AMENDED**
16  individual; JOSHUA FRIEND, an individual; )  **NOTICE OF REMOVAL UNDER 28**
    and DOES 1-100, inclusive,             )    **U.S.C. § 1452(a) AND RULE 9027 OF**
17                                         )    **THE FEDERAL RULES OF**
            Defendants.                    )    **BANKRUPTCY PROCEDURE**
18                                         )

19

20          TO THE ABOVE ENTITLED COURT, THE CLERK OF THE COURT AND ALL

21  PARTIES IN THE ABOVE ACTION:

22          PLEASE TAKE NOTICE that Plaintiff Robert Farmer has filed a Notice of Removal of

23  the above-captioned action, including all claims and causes of action therein, to the United States

24  Bankruptcy Court for the Central District of California, Santa Ana Division, Bankruptcy Case No.

25  8:09-bk-14918, Chapter 7. The Notice of Removal was duly filed on February 17, 2011. A true

26  and correct copy of the Amended Notice of Removal is attached hereto as Exhibit "A" and

27  incorporated herein by this reference.

28

1
NOTICE OF FILING OF NOTICE OF AMENDED REMOVAL UNDER 28 U.S.C. § 1452(a) AND
RULE 9027 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE

44

1       Thus, the above-captioned civil action, including all claims and causes of action therein, is

2  removed from the Superior Court for the State of California, County of Orange (the "State Court")

3  to the United States Bankruptcy Court for the Central District of California, Santa Ana Division,

4  Bankruptcy Case No. 8:09-bk-14918, in accordance with Rule 9027(d) of the Federal Rules of

5  Bankruptcy Procedure.  The parties shall proceed no further in the State Court unless and until the

6  above-captioned action or any portion thereof is remanded.

7

8  Dated: February 18, 2011       Respectfully submitted,

9

10                   SMITH CAMPBELL CLIFFORD KEARNEY GORE

11

12               By:

13                   STEVEN C. SMITH
                       CHRISTINE M. WATKINS

14               Attorneys for Plaintiff
               Robert Farmer

15

16

17

18

19

20

21

22

23

24

25

26

27

28

2
NOTICE OF FILING OF NOTICE OF AMENDED REMOVAL UNDER 28 U.S.C. § 1452(a) AND
RULE 9027 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE

45

Smith | Campbell | Clifford | Kearney | Gore

Exhibit A

1  BARRY R. GORE, ESQ. SBN 143278
   CHRISTINE M. FITZGERALD, ESQ. SBN 259014
2  SMITH | CAMPBELL | CLIFFORD | KEARNEY | GORE
   A Professional Law Corporation
3  3424 Carson Street, Suite 350
   Torrance, California 90503
4  Telephone: (310) 542-0111
   Facsimile:  (310) 214-7254
5
   Attorneys for Plaintiff, Robert W. Farmer
6

7

8                  UNITED STATES BANKRUPTCY COURT

9                  CENTRAL DISTRICT OF CALIFORNIA

10                        SANTA ANA DIVISION

11
   In re:                              | BK. No. 8:09-bk-14918-TA
12
   ROBERT W. FARMER AND PATRICIA         Chapter 7
13 FARMER
                                         Adv. No. 8:11-ap-01081-TA
14          Debtors.
                                       AMENDED NOTICE OF REMOVAL OF
15                                     STATE COURT CIVIL ACTION

16 ROBERT W. FARMER, an individual     Los Angeles County Superior Court
                                       Case No. 30-2010-00422619-CU-BC-CJC
17          Plaintiff,

18 vs.

19 NATIONWIDE MORTGAGE CONCEPTS
20 II, LTD, a corporation; STEVEN J.
   PITCHERSKY, an individual; JOHN
21 IRVINE, an individual; KRISTIE
   WOLFORD, an individual; JOSHUA
22 FRIEND, an individual

23          Defendants.

24

25      TO THE HONORABLE THEODOR C. ALBERT, ALL PARTIES IN THE

26 ABOVE-CAPTIONED STATE COURT CIVIL ACTION HEREBY REMOVED, THE

27 U.S. TRUSTEE, ALL OTHER INTERESTED PARTIES, THE CLERK OF THE LOS

28 ANGELES COUNTY SUPERIOR COURT, AND THE CLERK OF THE UNITED

                              1

1   STATES BANKRUPTCY COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA:

2       **PLEASE TAKE NOTICE THAT** Robert W. Farmer ("Farmer" or "Plaintiff") submits

3   this notice of removal in accordance with Rule 9027 of The Federal Rules of Bankruptcy

4   Procedure, 28 U.S.C. § 1452(a) and 28 U.S.C. § 157(a) and respectfully represents as follows:

5       1.  On November 4, 2010, Plaintiff initiated an action in the Superior Court of the State of

6   California in the County of Orange, Central Justice Center, captioned *ROBERT W. FARMER,*

7   *an individual v. NATIONWIDE MORTGAGE CONCEPTS II, LTD, a corporation; STEVEN J.*

8   *PITCHERSKY, an individual; JOHN IRVINE, an individual; KRISTIE WOLFORD, an*

9   *individual; JOSHUA FRIEND, an individual DOES 1-100, inclusive,* Case No. 30-2010-

10  00422619-CU-BC-CJC, by the filing of a complaint (the "State Court Action").  .

11      2.  On February 14, 2011, Plaintiff filed a First Amended Complaint.  The FAC seeks relief

12  based on allegations of: (1) Breach of Contract; (2) Fraud; (3) Negligent Misrepresentation; (4)

13  Breach of Fiduciary Duty; and (5) Constructive Fraud.

14      3.  On May 23, 2009, the Debtor filed a Chapter 7 voluntary petition for relief under Title 11

15  of the United States Code, Case No. 8:09-bk-14918-TA.  On November 24, 2009, the Debtor

16  received his discharge.  On April 9, 2010, the Debtor reopened his bankruptcy case and amended

17  his bankruptcy papers to include this action as an asset on Schedule B.  On February 14, 2011 the

18  Chapter 7 Trustee filed a Notice of Withdrawal Re: Chapter 7 Trustee's Report of No

19  Distribution.  Therefore this action is currently part of the Debtor's Bankruptcy Estate and the

20  Bankruptcy Court has jurisdiction over the State Court Action.

21      4.  This Notice of Removal is accompanied by a copy of the State Court Action in

22  accordance with Rule 9027(a)(1) of the Federal Rules of Bankruptcy Procedure.  The Term

23  "Pleadings" is defined by Rule 7 of the Federal Rules of Civil Procedure.  Copies of the State

24  Court Action and the FAC filed in the State Court action are attached hereto.

25      5.  The State Court Action, including all claims and causes of action asserted therein, is a

26  civil action other than a proceeding before the United States Tax Court.  It is not a civil action by

27  a government unit to enforce such governmental unit's policy or regulatory power.

6.  The State Court Action is a civil action that is related to the Chapter 7 Case. The Bankruptcy Court presiding over the Chapter 7 case has jurisdiction over each and every cause of action asserted in the State Court action under the provisions of 28 U.S.C. § 1334(b). The Plaintiff in the State Court action is Robert W. Farmer, the Debtor in the above-captioned case. The action is one which may be removed to this court pursuant to 28 U.S.C. § 1452. Resolution of the causes of action asserted in the State Court Action may significantly affect the administration of the estate. The claims or causes of action in the State Court Action are core proceedings under 28 U.S.C. § 157(b)(2)(H).

7.  A copy of the amended notice for removal is being filed with the clerk of the Superior Court of the State of California in and for the County of Orange, where the State Court Action was initially filed.

**NOW THEREFORE,** all parties to the State Court Action pending in the State Court as Case No. 30-2010-00422619-CU-BC-CJC, are **Hereby Notified,** pursuant to Rule 9027 of the Federal Rules of Bankruptcy Procedure, as follows:

Removal of the State Court Action and all claims and causes of action therein was effected upon the filing of a copy of this notice of removal with the clerk of the state court pursuant to Rule 9027(c) of the Federal Rules of Bankruptcy Procedure. The State Court Action is removed from the state court to the United States Bankruptcy Court for the Central District of California, Santa Ana Division. The parties to the State Court Action shall proceed no further in the State Court unless and until the action is remanded by the Bankruptcy Court.

Dated: February /7, 2011

Respectfully Submitted,

SMITH | CAMPBELL | CLIFFORD | KEARNEY | GORE
A Professional Law Corporation

By: *Christine M. Fitzgerald*
Christine M. Fitzgerald
Counsel to Plaintiff, Robert W. Farmer

3

EXHIBIT "A"

1  Steven C. Smith, State Bar No. 116246
   Christine M. Watkins, State Bar No. 253401
2  SMITH CAMPBELL CLIFFORD KEARNEY
   1800 North Broadway, Suite 200
3  Santa Ana, California 92706
   Telephone: (714) 550-7720
4  Facsimile: (714) 550-1251
   Email:    ssmith@scck.com
5  Email:    cwatkins@scck.com

6  Attorneys for Plaintiff:
7  Robert Farmer

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE
CENTRAL JUSTICE CENTER

NOV 04 2010

ALAN CARLSON, Clerk of the Court

BY:    R. LUCEY    ,DEPUTY

8              SUPERIOR COURT OF CALIFORNIA

9         COUNTY OF ORANGE, CENTRAL JUSTICE CENTER

10  ROBERT FARMER, an individual;              )  CASE NO:    30-2010

11                            Plaintiff,       )  JUDGE    0 0 4 2 2 6 1 9

12      vs.                                    )  DEJUDGE LUIS A. RODRIGUEZ

13  NATIONWIDE MORTGAGE CONCEPTS II,           )  COMPLAINT FOR:    C 6
    LTD, a corporation; STEVEN J.              )  1. Breach of Contract;
14  PITCHERSKY, an individual; JOHN IRVINE,    )  2. Fraud;
    an individual; KRISTIE WOLFORD, an         )  3. Negligent Misrepresentation;
15  individual; JOSHUA FRIEND, an individual;  )  4. Unjust Enrichment;
    and DOES 1-100, inclusive,                 )  5. Breach of Fiduciary Duty; and
16                                             )  6. Constructive Fraud

17                            Defendants.

18  _____

19

20         COMES NOW Plaintiff Robert Farmer, and hereby complains and alleges as follows:

21         1.     Plaintiff ROBERT FARMER ("Plaintiff") was at all times relevant herein, an
    individual residing in Orange County, California.

22         2.     Plaintiff is informed and believes and upon that basis alleges that Defendant
23  NATIONWIDE MORTGAGE CONCEPTS II, LTD. ("NMC") is a North Carolina corporation
24  doing business in the State of California.

25         3.     Plaintiff is informed and believes and upon that basis alleges that Defendant
    STEVEN J. PITCHERSKY ("PITCHERSKY") was at all times relevant herein, an individual
26  residing in Riverside County, California.

27         4.     Plaintiff is informed and believes and upon that basis alleges that Defendant JOHN
28  IRVINE ("IRVINE") was at all times relevant herein, an individual residing in Irvine, California.

_____
1
COMPLAINT

5.    Plaintiff is informed and believes and upon that basis alleges that Defendant KRISTIE WOLFORD ("WOLFORD") was at all times relevant herein, an individual residing in Orange County, California.

6.    Plaintiff is informed and believes and upon that basis alleges that Defendant JOSHUA FRIEND ("FRIEND") was at all times relevant herein, an individual residing in Orange County, California.

7.    The true names and capacities, whether individual, corporate, associates, or otherwise, of Defendant Does 1-100, are unknown to Plaintiff, who therefore sues said Defendants by such fictitious names. Plaintiff will amend this Complaint to show said Defendants' true names and capacities when they have been ascertained.

8.    Plaintiff is informed and believes and on that basis alleges that all of the acts and omissions alleged herein were performed by and attributable to all Defendants and Does 1-100, and each of them, each acting as the agent, employee, partner, joint venturer and associates, and/or under the direction and control of each of the other Defendants, and that said acts and failures to act were within the course and scope of said agency, employment, and/or direction and, in doing the things herein mentioned, the agents and employees of Defendants were acting under the color of that agency or employment with the knowledge, consent, permission, or authorization of each of the other Defendants and each act committed under the direction or control of each of the other Defendants was either expressly or impliedly ratified by each of the other Defendants.

9.    Plaintiff is informed and believes and on that basis alleges that there exists, and at all times relevant to this complaint existed, a unity of interest and ownership between Defendants NMC and PITCHERSKY, such that any individuality and separateness between the Defendants have ceased, and NMC is the alter ego of PITCHERSKY in that the latter controls and dominates NMC. Adherence to the fiction of the separate existence of NMC as an entity distinct from PITCHERSKY would sanction fraud and promote injustice in that, among other things, PITCHERSKY and NMC have committed numerous wrongful acts as set forth in detail below resulting in unjust enrichment to all Defendants and it is believed and therefore alleged that PITCHERSKY transfers moneys freely between the accounts of NMC and the accounts of Defendants have engaged in a pattern of behavior designed and intended to cause damage to Plaintiff.

## GENERAL ALLEGATIONS

10.    In or about 2008, Plaintiff and FRIEND were working for American Sterling Bank

2
COMPLAINT

52

1    in Orange County, California.

2    　　　11.    In or about 2008, Plaintiff came into contact with Defendant PITCHERSKY, who

3    was interested in building a retail mortgage call center for NMC. Plaintiff had built a retail

4    mortgage call center for American Sterling Bank and was experienced in such business.

5    　　　12.    In or about October 2008, Plaintiff entered an oral agreement with NMC,

6    PITCHERSKY, and FRIEND to become partners and start a business to be owned by them

7    together; specifically, it was agreed that they would found and build a retail mortgage call center

8    for NMC. Pursuant to the agreement, PITCHERSKY was to contribute capital from NMC, and

9    Plaintiff and FRIEND were to use their knowledge, expertise, experience, and connections to

10   build a retail mortgage call center for NMC (hereinafter referred to as "the BUSINESS") in

11   Orange County, California. In exchange for their contributions and work in the BUSINESS,

12   Plaintiff and FRIEND, together with PITCHERSKY would be partners and co-owners of the

13   BUSINESS and as such, Plaintiff and FRIEND would receive 50% of all profits earned and

14   would be paid $10,000.00 per month until said profits reached that level.

15   　　　13.    On or about October 6, 2008, acting in reliance on the both his ownership of the

16   Business as well as the express representations of his partner PITCHERSKY regarding both the

17   BUSINESS and his profit sharing, Plaintiff left American Sterling Bank to begin began building

18   the BUSINESS.

19   　　　14.    Shortly thereafter, FRIEND decided to stay with his employment at American

20   Sterling Bank.

21   　　　15.    Due to FRIEND abandoning his ownership in the BUSINESS, Plaintiff and

22   PITCHERSKY renegotiated their partnership agreement and ownership of the BUSINESS to

23   change Plaintiff's earnings from the BUSINESS. Specifically, it was agreed that PITCHERSKY

24   and NMC would pay Plaintiff 40% of the profits until Plaintiff reached $100,000.00 in profits,

25   and then Plaintiff would receive the entire 50% of the profits.

26   　　　16.    On or about October 15, 2008, PITCHERSKY gave Plaintiff a check for

27   $10,000.00 in connection with the agreement set forth above.

28   　　　17.    Plaintiff continued building the BUSINESS and assembled a team of personnel to

work in the BUSINESS, including Defendants IRVINE and WOLFORD.

　　　18.    Plaintiff negotiated an oral agreement with IRVINE and WOLFORD as to the

terms of their payment for work in the BUSINESS, which would be paid out from Plaintiff's

ownership / partnership share earnings. On or about October 22, 2008, Plaintiff emailed

Smith | Campbell | Clifford | Kearney

3
COMPLAINT

PITCHERSKY a spreadsheet setting forth such terms. PITCHERSKY agreed to the terms set forth in the spreadsheet, including Plaintiff's ownership and partnership percentages.

19. On Monday, October 27, 2008, Plaintiff and Defendants had a "kick-off" strategy meeting with the additional partners Plaintiff had gathered for the project.

20. Sometime thereafter, Defendants collaborated without Plaintiff and collectively agreed to repudiate the partnership with Plaintiff and deny Plaintiff's ownership in the partnership and in the BUSINESS.

21. In or about late November 4, 2008, Defendants indicated to Plaintiff that Plaintiff no longer owned an interest in the BUSINESS.

22. Since that time, Defendants have continued to enjoy the profits from the partnership BUSINESS by, among other things, utilizing Plaintiff's business platform, using Plaintiff's revenue model, using Plaintiff's partnership assets and work product, and benefitting from the team of partners assembled by Plaintiff.

23. Defendant FRIEND has since joined the partnership BUSINESS and continues to do the same.

### FIRST CAUSE OF ACTION
### BREACH OF CONTRACT
(By Plaintiff against All Defendants)

24. Plaintiff incorporates herein by reference each and every allegation contained in paragraphs 1 through 23, as through fully set forth herein.

25. Plaintiff entered into an oral agreement with Defendants NMC and PITCHERSKY as set forth more fully above.

26. Plaintiff has performed all of the terms and conditions required of him to be performed under such agreement, except those which are excused by virtue of breaches made by PITCHERSKY and NMC.

27. In or about November 4, 2008, Defendants NMC and PITCHERSKY breached their agreement with Plaintiff, by, among other things, repudiating the existence of the partnership, denying Plaintiff's ownership in the partnership / BUSINESS and assets, converting partnership assets to their own use, and failing to compensate Plaintiff for his contributions to the BUSINESS.

28. As a proximate cause of this breach, Plaintiff has suffered damages in that the value of Plaintiff's ownership of the partnership's BUSINESS has been converted by Defendants, to their benefit and to Plaintiff's loss, in an amount to be determined according to proof at the time

1  of trial. Plaintiff has also lost his share of the profits have been earned by the partnership

2  BUSINESS, in a sum to be determined according to proof at the time of trial.

3    29.    Plaintiff entered into an oral agreement with FRIEND to form a partnership for the

4  purpose of forming, owning and managing the BUSINESS as set forth more fully above.

5    30.    Plaintiff has performed all of the terms and conditions required of him to be

6  performed under such agreement, except those which are excused by virtue of breaches made by

   FRIEND.

7    31.    Defendant FRIEND breached his agreement with Plaintiff, by, among other things,

8  repudiating the original partnership agreement and refusing to fulfill his obligations in the

9  partnership BUSINESS.

10    32.    As a proximate cause of this breach, Plaintiff has suffered damages in an amount to

11  be determined according to proof at the time of trial. Plaintiff also lost profits that would have

12  been earned by Plaintiff through the partnership BUSINESS but for Defendants' breach, in a sum

   to be determined according to proof at the time of trial.

13    33.    Plaintiff entered into an oral agreement with Defendants IRVINE and WOLFORD

14  as set forth more fully above.

15    34.    Plaintiff has performed all of the terms and conditions required of him to be

16  performed under such agreement, except those which are excused by virtue of breaches made by

17  IRVINE and WOLFORD.

18    35.    Defendants IRVINE and WOLFORD breached their agreement with Plaintiff, by,

19  among other things, failing to adhere to the terms of the earnings schedule agreed upon by the

   parties, and failing to work with Plaintiff in the BUSINESS in the manner outlined in the

20  agreement.

21    36.    As a proximate cause of this breach, Plaintiff has suffered damages in an amount to

22  be determined according to proof at the time of trial. Plaintiff also lost profits that would have

23  been earned by Plaintiff through the partnership BUSINESS but for Defendants' breach, in a sum

   to be determined according to proof at the time of trial.

24

25                      **SECOND CAUSE OF ACTION**

26                                **FRAUD**

                        (By Plaintiff against All Defendants)

27    37.    Plaintiff incorporates herein by reference each and every allegation contained in

28  paragraphs 1 through 36, as through fully set forth herein.

*Smith | Campbell | Clifford | Kearney*

38.     Defendants represented to Plaintiff that in exchange for his knowledge, skill, experience in the business, work performed, business plan, and revenue model, Plaintiff would share in the ownership of the partnership BUSINESS and be compensated in the manner that was agreed upon by the parties.

39.     Defendant FRIEND represented to Plaintiff in October 2008 that FRIEND was not going to participate in the BUSINESS.

40.     When Defendants made these representations, they knew them to be false and made these representations with the intention to deceive and to defraud Plaintiff and to induce him to act in reliance on these representations in the manner herein alleged, or with the expectation that Plaintiff would so act. Defendants made one payment to Plaintiff to lead him to believe that they intended to perform their obligations under the agreement. Then after Plaintiff provided valuable services and information, Defendants, abruptly and without any valid basis, cut Plaintiff out.

41.     At the time the promise was made and at the time Plaintiff took the actions herein alleged, Plaintiff was ignorant of defendant's secret intention not to perform and could not, in the exercise of reasonable diligence, have discovered defendant's secret intention. In reliance on Defendants' promises, Plaintiff contributed to the partnership BUSINESS by, among other things, providing his knowledge, skill, experience in the business, time and energy, business plan, and revenue model.

42.     Had Plaintiff known that Defendants' representations were false, Plaintiff would not have acted in reliance thereon and provided Defendants with the contributions listed above.

43.     As a proximate result of the fraudulent conduct of Defendants as herein alleged, Plaintiff has suffered financial loss in an amount to be determined according to proof at the time of trial.

44.     Defendants acted intentionally in order to deprive Plaintiff of his earnings. Defendants' despicable conduct subjected Plaintiff to cruel and unjust hardship and constituted a conscious disregard of Plaintiff's rights, so as to justify an award of exemplary and punitive damages.

## THIRD CAUSE OF ACTION
## NEGLIGENT MISREPRESENTATION
### (By Plaintiff against All Defendants)

45.     Plaintiff incorporates herein by reference each and every allegation contained in paragraphs 1 through 44, as through fully set forth herein.

6
COMPLAINT

46.     Defendants made certain misrepresentations to Plaintiff including the misrepresentations set forth above.

47.     When Defendants made these misrepresentations, they had no reasonable ground for believing them to be true.

48.     Defendants made these misrepresentations to Plaintiff with the intention of inducing Plaintiff to act in reliance on the representations in the manner herein alleged, or with the expectation that Plaintiff would do so.

49.     Plaintiff was ignorant of the falsity of the representations at the time they were made, and believed them to be true.

50.     Had Plaintiff known the actual facts, he would not have taken such actions.

51.     Plaintiff's reliance on the representations was justified because Defendants held themselves out to be trustworthy and reliable business people, genuinely interested in developing the business project agreed to.

52.     As a proximate result of the conduct of Defendants, Plaintiff has been damaged in an amount to be determined according to proof at the time of trial.

## FOURTH CAUSE OF ACTION
## UNJUST ENRICHMENT
### (By Plaintiff against All Defendants)

53.     Plaintiff incorporates herein by reference each and every allegation contained in paragraphs 1 through 52, as though fully set forth herein.

54.     Within the last four years, Defendants received substantial benefits that were conferred at the expense of Plaintiff, as set forth more fully above.

55.     Such benefits were conferred by mistake, fraud, coercion, and/or request.

56.     Defendants' retention of these benefits would be unjust under the circumstances.

57.     As a result of such misconduct, Defendants, and each of them, have been unjustly enriched, and are in possession of money and/or property which in good conscious and justice belongs to Plaintiffs.

58.     As a direct and proximate result of the inequitable retention of the benefits conferred upon Defendants, Plaintiff has incurred damages in an amount to be determined according to proof at the time of trial.

//

//

Smith | Campbell | Clifford | Kearney

## FIFTH CAUSE OF ACTION

## BREACH OF FIDUCIARY DUTY

### (By Plaintiff against All Defendants)

59.     Plaintiff incorporates herein by reference each and every allegation contained in paragraphs 1 through 58, as though fully set forth herein.

60.     Defendants are the majority owners of the Business and partners with Plaintiff. As such, Defendants, and each of them, owes a fiduciary duty to Plaintiff as a partner and minority owner. Said duty requires Defendants to refrain from using their controlling authority to produce partnership and Business actions unfair to Plaintiff. By intentionally repudiating the existence of the partnership, denying Plaintiff's interest in the partnership / Business, and by diverting Plaintiffs proceeds and profits to themselves, Defendants have breached their fiduciary duty of care owed to Plaintiff as well as the duty of care imposed by Corporations Code Section 1604(c) to the partnership and to Plaintiff.

61.     As a proximate result of Defendants' breach of their duty of care to the partnership and to Plaintiff, Plaintiff has suffered damages in an amount to be determined according to proof at the time of trial. Plaintiff also lost profits that would have been earned by Plaintiff through the partnership BUSINESS but for Defendants' breach, in a sum to be determined according to proof at the time of trial.

## SIXTH CAUSE OF ACTION

## CONSTRUCTIVE FRAUD

### (By Plaintiff against All Defendants)

62.     Plaintiff incorporates herein by reference each and every allegation contained in paragraphs 1 through 63, as though fully set forth herein.

63.     By virtue of the partnership agreements, the relationship between Plaintiff and Defendants was fiduciary in nature. Defendants thereby owed Plaintiff the fiduciary duties of loyalty and care, and the obligation to conduct the partnership business in good faith and fair dealing. Because Plaintiff's confidence in Defendants' integrity caused Plaintiff to entrust Defendants with the authority to act for the partnership, a confidential relationship existed at all times herein mentioned between Plaintiff and Defendants.

64.     Defendants breached their fiduciary duties to Plaintiff and violated the relationship of trust and confidence by excluding Plaintiff from his interest in the partnership BUSINESS and assets, and by securing an advantage over Plaintiff by misleading Plaintiff to his prejudice.

8

COMPLAINT

Smith | Campbell | Clifford | Kearney

65.    Plaintiff placed confidence in and relied on Defendants until in or about late November, 2008, when Plaintiff discovered Defendants' acts committed in breach of their fiduciary duties. Until that date, Plaintiff had reasonably relied on Defendants in view of their relationship as partners, and particularly under the terms of the partnership agreements.

66.    As a result of Defendants' fraud as herein alleged, Plaintiff has been damaged in a sum to be determined according to proof at the time of trial.

**PRAYER:**

WHEREFORE, Plaintiff prays for judgment against Defendants and each of them as follows:

1.    For general damages in a sum to be determined according to proof;

2.    For compensatory damages in a sum to be determined according to proof;

3.    For interest on the sum, at the maximum legal rate;

4.    For past and future loss of earnings;

5.    For punitive and exemplary damages

6.    For costs of suit herein incurred;

7.    For such other and further relief as the court may deem proper.

Dated: November 4, 2010

SMITH CAMPBELL CLIFFORD KEARNEY

By:
STEVEN C. SMITH
CHRISTINE M. WATKINS
Attorneys for plaintiff Robert Farmer

Smith | Campbell | Clifford | Kearney

9
COMPLAINT

59

1    Steven C. Smith, State Bar No. 116246
     Christine M. Watkins, State Bar No. 253401
2    SMITH CAMPBELL CLIFFORD KEARNEY GORE
     1800 North Broadway, Suite 200
3    Santa Ana, California 92706
     Telephone: (714) 550-7720
4    Facsimile: (714) 550-1251
     Email:      ssmith@scckg.com
5    Email:      cwatkins@scckg.com

6    Attorneys for Plaintiff:
7    Robert Farmer

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE
CENTRAL JUSTICE CENTER

FEB 14 2011

ALAN CARLSON, Clerk of the Court

BY: ___M. CURRY___ ,DEPUTY

8               SUPERIOR COURT OF CALIFORNIA

9       COUNTY OF ORANGE, CENTRAL JUSTICE CENTER

| | |
|---|---|
| 10   ROBERT FARMER, an individual; | CASE NO: 30-2010-*00422619-CU-BC-CJC* |
| 11            Plaintiff, | |
| 12   vs. | JUDGE Luis A. Rodriguez<br>DEPT: C6 |
| 13   NATIONWIDE MORTGAGE CONCEPTS II,<br>LTD, a corporation; STEVEN J.<br>14   PITCHERSKY, an individual; JOHN IRVINE,<br>an individual; KRISTIE WOLFORD, an<br>15   individual; JOSHUA FRIEND, an individual;<br>and DOES 1-100, inclusive, | FIRST AMENDED COMPLAINT FOR:<br>1. Breach of Contract<br>2. Fraud<br>3. Negligent Misrepresentation<br>4. Breach of Fiduciary Duty<br>5. Constructive Fraud |
| 16 | |
| 17         Defendants. | |

18

19       COMES NOW Plaintiff Robert Farmer, and hereby complains and alleges as follows:

20         1.     Plaintiff ROBERT FARMER ("Plaintiff") was at all times relevant herein, an

21   individual residing in Orange County, California.

22         2.     Plaintiff is informed and believes and upon that basis alleges that Defendant

23   NATIONWIDE MORTGAGE CONCEPTS II, LTD. ("NMC") is a North Carolina corporation

24   doing business in the State of California.

25         3.     Plaintiff is informed and believes and upon that basis alleges that Defendant

26   STEVEN J. PITCHERSKY ("PITCHERSKY") was at all times relevant herein, an individual

    residing in the Riverside County, California.

27         4.     Plaintiff is informed and believes and upon that basis alleges that Defendant JOHN

28   IRVINE ("IRVINE") was at all times relevant herein, an individual residing in Irvine, California.

1

Smith | Campbell | Clifford | Kearney | Gore

5.    Plaintiff is informed and believes and upon that basis alleges that Defendant KRISTIE WOLFORD ("WOLFORD") was at all times relevant herein, an individual residing in Orange County, California.

6.    Plaintiff is informed and believes and upon that basis alleges that Defendant JOSHUA FRIEND ("FRIEND") was at all times relevant herein, an individual residing in Orange County, California.

7.    The true names and capacities, whether individual, corporate, associates, or otherwise, of Defendant Does 1-100, are unknown to Plaintiff, who therefore sues said Defendants by such fictitious names. Plaintiff will amend this Complaint to show said Defendants' true names and capacities when they have been ascertained.

8.    Plaintiff is informed and believes and on that basis alleges that all of the acts and omissions alleged herein were performed by and attributable to all Defendants and Does 1-100, and each of them, each acting as the agent, employee, partner, joint venturer and associates, and/or under the direction and control of each of the other Defendants, and that said acts and failures to act were within the course and scope of said agency, employment, and/or direction and, in doing the things herein mentioned, the agents and employees of Defendants were acting under the color of that agency or employment with the knowledge, consent, permission, or authorization of each of the other Defendants and each act committed under the direction or control of each of the other Defendants was either expressly or impliedly ratified by each of the other Defendants.

9.    Plaintiff is informed and believes and on that basis alleges that there exists, and existed, a unity of interest and ownership between Defendants NMC and PITCHERSKY, such that any individuality and separateness between the Defendants have ceased, and NMC is the alter ego of PITCHERSKY in that the latter controls and dominates NMC. Adherence to the fiction of the separate existence of NMC as an entity distinct from PITCHERSKY would sanction fraud and promote injustice in that, among other things, PITCHERSKY and NMC have committed numerous wrongful acts as set forth in detail below resulting in unjust enrichment to all Defendants and it is believed that PITCHERSKY transfers moneys freely between the accounts of NMC and the accounts of Defendants have engaged in a pattern of behavior designed and intended to cause damage to Plaintiff.

## GENERAL ALLEGATIONS

10.    In or about 2008, Plaintiff and Defendant FRIEND were working for American Sterling Bank in Orange County, California.

Smith | Campbell | Clifford | Kearney| Gore

11. In or about 2008, Plaintiff came into contact with Defendant PITCHERSKY, who was interested in building a retail mortgage call center for NMC. Plaintiff had built a retail mortgage call center for American Sterling Bank and was experienced in such business.

12. In or about October 2008, Plaintiff entered an oral agreement with NMC, PITCHERSKY and FRIEND wherein Plaintiff, PITCHERSKY, and FRIEND would become partners in building and managing a retail mortgage call center (hereinafter referred to as "the BUSINESS") for NMC. Pursuant to the agreement, PITCHERSKY and NMC were to contribute capital, and Plaintiff and FRIEND were to use their knowledge, expertise, experience, and connections to build a retail mortgage call center for NMC in Orange County, California. In exchange for their contributions and work in the BUSINESS, Plaintiff and FRIEND were to share in the ownership of the partnership BUSINESS with PITCHERSKY and together Plaintiff and FRIEND would receive 50% of all profits earned. In addition, under the agreement, Plaintiff and FRIEND would be paid $10,000.00 per month each until said profits reached that level.

13. On or about October 6, 2008, Plaintiff left American Sterling Bank in reliance on this agreement and began building the BUSINESS.

14. Sometime thereafter, FRIEND indicated to Plaintiff that he would not be working in the BUSINESS and that he decided to stay with his employment at American Sterling Bank.

15. Plaintiff later learned that Defendant FRIEND had not abandoned the BUSINESS, but was negotiating a different agreement with NMC and PITCHERSKY without Plaintiff's knowledge or awareness.

16. In November or December 2008, Defendant FRIEND breached his agreement with Plaintiff by entering a different and conflicting agreement with NMC and PITCHERSKY with regard to the BUSINESS.

17. Due to FRIEND's misrepresentations to Plaintiff and indication that FRIEND would not be working in the business, Plaintiff and PITCHERSKY modified their partnership agreement as to Plaintiff's earnings from the BUSINESS. Specifically, NMC would now pay Plaintiff and his team 40% of the profits until Plaintiff reached $100,000.00 in profits, and then Plaintiff would receive the entire 50% of the profits.

18. On or about October 15, 2008, PITCHERSKY gave Plaintiff a check for $10,000.00 to consummate the agreement set forth above.

19. Plaintiff believes that Defendants NMC, PITCHERSKY, and FRIEND conspired against Plaintiff in order to reap the rewards of Plaintiff's ideas, effort, time, and work in creating

Smith | Campbell | Clifford | Kearney | Gore

and building the BUSINESS, at a lower cost to themselves.

20.    Plaintiff continued building the BUSINESS and assembled a team of personnel to work in the BUSINESS, which included Defendants IRVINE and WOLFORD.

21.    Plaintiff negotiated an oral agreement with IRVINE and WOLFORD wherein they would work for Plaintiff in the BUSINESS. On or about October 22, 2008, Plaintiff emailed PITCHERSKY a spreadsheet setting forth such terms, which is attached hereto as Exhibit "A."

22.    According to the terms of Plaintiff's oral agreement with IRVINE and WOLFORD, if the team's net revenue was under $200,000, IRVINE and WOLFORD would each get a $3,500.00 base salary for work performed in the BUSINESS, plus commission. If the team's net revenue was $200,000 or above, IRVINE and WOLFORD would retain their salaries and give up their commissions for a profit-sharing plan as set forth in Exhibit "A." According to the profit-sharing plan, IRVINE and WOLFORD would each get a percentage of Plaintiff's 50% profits, the percentage based on the amount of net revenue brought in by Plaintiff's team. Plaintiff's team included Plaintiff, IRVINE, WOLFORD, and one other individual.

23.    On Monday, October 27, 2008, Plaintiff and Defendants NMC, PITCHERSKY, IRVINE, and WOLFORD had a "kick-off" strategy meeting with additional partners Plaintiff had gathered for the project.

24.    Notwithstanding the work that Plaintiff had performed, the promises that had been made, and Plaintiff's reliance thereon, sometime thereafter, Defendants NMC, PITCHERSKY, IRVINE, WOLFORD, and FRIEND collaborated without Plaintiff and collectively agreed to repudiate their respective agreements with Plaintiff.

25.    In or about November, 2008, Defendants indicated to Plaintiff that Plaintiff no longer held a partnership interest in the BUSINESS, and was no longer part of the BUSINESS.

26.    Since that time, Defendants and each of them have continued to grow and develop the partnership BUSINESS by, among other things, launching Plaintiff's business platform, using Plaintiff's revenue model and other work product, and benefitting from the team of partners assembled by Plaintiff.

27.    Plaintiff is unaware of the number of entities now associated with the BUSINESS, nor their type or identities.

4

FIRST AMENDED COMPLAINT

## FIRST CAUSE OF ACTION

### BREACH OF ORAL CONTRACT

(By Plaintiff against All Defendants)

28. Plaintiff incorporates herein by reference each and every allegation contained in paragraphs 1 through 27, as through fully set forth herein.

29. Plaintiff entered into an oral partnership agreement with Defendants NMC and PITCHERSKY as set forth more fully above.

30. Plaintiff has performed all of the terms and conditions required of him to be performed under such agreement, except those which are excused by virtue of breaches made by PITCHERSKY and NMC.

31. On or about November 2008, Defendants NMC and PITCHERSKY breached their agreement with Plaintiff, by, among other things, repudiating the existence of the partnership, denying Plaintiff's interest in the partnership BUSINESS and assets, converting partnership assets to their own use, and failing to compensate Plaintiff for his contributions to the BUSINESS.

32. As a proximate cause of this breach, Plaintiff has suffered damages in that he contributed value to the partnership BUSINESS in an amount to be determined according to proof at the time of trial. Plaintiff also lost profits that would have been earned by Plaintiff through the partnership BUSINESS but for these breaches, in a sum to be determined according to proof at the time of trial.

33. Plaintiff entered into an oral agreement with FRIEND to form a partnership with NMC and PITCHERSKY for the purpose of forming and managing the BUSINESS as set forth more fully above.

34. Plaintiff has performed all of the terms and conditions required of him to be performed under such agreement, except those which are excused by virtue of breaches made by FRIEND.

35. Defendant FRIEND breached his agreement with Plaintiff, by, among other things, entering into a different agreement with NMC and PITCHERSKY with regard to the BUSINESS, in November or December 2008.

36. As a proximate cause of this breach, Plaintiff has suffered damages in an amount to be determined according to proof at the time of trial. Plaintiff also lost profits that would have been earned by Plaintiff through the partnership BUSINESS but for this breach by FRIEND, in a sum to be determined according to proof at the time of trial.

5

FIRST AMENDED COMPLAINT

37.   Plaintiff entered into an oral partnership agreement with Defendants IRVINE and WOLFORD as set forth more fully above.

38.   Plaintiff has performed all of the terms and conditions required of him to be performed under such agreement, except those which are excused by virtue of breaches made by IRVINE and WOLFORD.

39.   Defendants IRVINE and WOLFORD breached their agreement with Plaintiff, by, among other things, failing to adhere to the terms of the earnings schedule agreed upon by the parties, and failing to work with Plaintiff in the BUSINESS in the manner outlined in the agreement.

40.   As a proximate cause of this breach, Plaintiff has suffered damages in an amount to be determined according to proof at the time of trial.  Plaintiff also lost profits that would have been earned by Plaintiff through the partnership BUSINESS but for these breaches by IRVINE and WOLFORD, in a sum to be determined according to proof at the time of trial.

## SECOND CAUSE OF ACTION

### FRAUD

(By Plaintiff against All Defendants)

41.   Plaintiff incorporates herein by reference each and every allegation contained in paragraphs 1 through 40, as through fully set forth herein.

42.   Defendants PITCHERSKY, NMC, and FRIEND represented to Plaintiff that in exchange for his knowledge, skill, experience in the business, work performed, business plan, and revenue model, Plaintiff would share in the ownership of the partnership BUSINESS and be compensated in the manner that was agreed upon by the parties.

43.   When Defendants PITCHERSKY, NMC, and FRIEND made these representations, they knew them to be false and made these representations to Plaintiff with the intention to deceive and to defraud Plaintiff, and to induce him to act in reliance on these representations in the manner herein alleged, or with the expectations that Plaintiff would so act.

44.   Sometime in October or November 2008, Defendant FRIEND represented to Plaintiff that he was abandoning the partnership BUSINESS and staying at his place of employment.  This caused Plaintiff to put in additional hours of time in starting and growing the BUSINESS, and to do additional work in relation to BUSINESS, which time and work FRIEND was supposed to have split with Plaintiff.

45.   When Defendant FRIEND made these representations, he knew them to be false

FIRST AMENDED COMPLAINT

1  and made these representations with the intention to deceive and to defraud Plaintiff and to induce
2  him to act in reliance on these representations, knowing that he (FRIEND) was negotiating a
3  different deal with Defendants NMC and PITCHERSKY to work in the BUSINESS, and that he
4  would reap the benefits of Plaintiff's work. Defendant FRIEND did this with the expectation that
5  Plaintiff would so act, and he did so to avoid taking the risks Plaintiff was forced to take, and to
6  bypass the time, effort, and resources that Plaintiff was forced to invest in the BUSINESS in its
   initial months of growth and development.
7
8        46.    In approximately October 2008, Defendants IRVINE and WOLFORD represented
9  to Plaintiff that they would work in the BUSINESS with Plaintiff, in accordance with the salary
   and commission scheme they had agreed upon, as set forth more fully above.
10
11       47.    When Defendants IRVINE and WOLFORD made these representations, they knew
   them to be false and made them with the intention to deceive and to defraud Plaintiff, and to
12
   induce him to continue sharing ideas, plans, business platforms, structures, contacts, resources,
13
   and work product with them, which they would continue to use with the BUSINESS after they
14
   severed Plaintiff from the BUSINESS. Defendants IRVINE and WOLFORD did this with the
15
   expectation that Plaintiff would so act, and did so to extract as much value as they could from
   Plaintiff before removing him from the BUSINESS.
16
17       48.    At the time these promises were made, and at the time Plaintiff performed work
   and shared ideas, and built the BUSINESS as herein alleged, Plaintiff was ignorant of the secret
18
   intentions of Defendants NMC, PITCHERSKY, FRIEND, IRVINE, and WOLFORD, as set forth
19
   above. Plaintiff could not, in the exercise of reasonable diligence, have discovered these secret
20
   intentions. In reliance on these promises, Plaintiff continued building the BUSINESS and
21
   contributing to the partnership in every way that he could, in order to make it successful. This
22
   included sharing ideas, providing his knowledge, skill, experience in the business, business plan,
   and revenue model, and spending time and energy getting the BUSINESS off the ground.
23
24       49.    Had Plaintiff known that the representations of NMC, PITCHERSKY, FRIEND,
   IRVINE, and WOLFORD were false, as set forth above, Plaintiff would not have acted in reliance
25
   thereon and provided Defendants with such contributions.
.26
27       50.    As a proximate result of the fraudulent conduct of Defendants as herein alleged,
   Plaintiff has suffered financial loss in an amount to be determined according to proof at the time of
28
   trial.

         51.    Defendants acted intentionally in order to deprive Plaintiff of his earnings.

Smith | Campbell | Clifford | Kearney | Gore

Defendants' despicable conduct subjected Plaintiff to cruel and unjust hardship and constituted a conscious disregard of Plaintiff's rights, so as to justify an award of exemplary and punitive damages.

### THIRD CAUSE OF ACTION
### NEGLIGENT MISREPRESENTATION

(By Plaintiff against All Defendants)

52.    Plaintiff incorporates herein by reference each and every allegation contained in paragraphs 1 through 51, as through fully set forth herein.

53.    Defendants and each of them made certain representations to Plaintiff with regard to the BUSINESS, as set forth more above.

54.    Defendants PITCHERSKY, NMC, and FRIEND represented to Plaintiff that in exchange for his knowledge, skill, experience in the business, work performed, business plan, and revenue model, Plaintiff would share in the ownership of the partnership BUSINESS and be compensated in the manner that was agreed upon by the parties.

55.    Defendant FRIEND represented to Plaintiff that he was abandoning the partnership BUSINESS and staying at his place of employment.

56.    In approximately October 2008, Defendants IRVINE and WOLFORD represented to Plaintiff that they would work in the BUSINESS with Plaintiff, in accordance with the salary and commission scheme they had agreed upon, as set forth more fully above.

57.    Each of these representations was untrue.

58.    Defendants and each of them made other untrue representations to Plaintiff, individually and/or collectively, which are unknown at this time.

59.    When Defendants and each of them made these representations, as set forth above, they had no reasonable ground for believing them to be true.

60.    Defendants and each of them made these representations to Plaintiff with the intention of inducing Plaintiff to act in reliance on these representations in the manner herein alleged, or with the expectation that Plaintiff would do so.

61.    Plaintiff was ignorant of the falsity of these representations at the time they were made, and believed them to be true.

62.    Had Plaintiff known the actual facts, he would not have acted in reliance of them, as set forth more fully above.

63.    Plaintiff's reliance on the representations was justified because Defendants and

Smith | Campbell | Clifford | Kearney | Gore

8

1   each of them held themselves out to be trustworthy and reliable business people, genuinely

2   interested in developing the BUSIENSS as agreed to.

3        64.   As a proximate result of the conduct of Defendants, Plaintiff has been damaged in

4   an amount to be determined according to proof at the time of trial.

## FOURTH CAUSE OF ACTION

## BREACH OF FIDUCIARY DUTY

(By Plaintiff against All Defendants)

7        65.   Plaintiff incorporates herein by reference each and every allegation contained in

8   paragraphs 1 through 64, as though fully set forth herein.

9        66.   Defendants and each of them, at one time or another, were Plaintiff's partners in the

10  partnership BUSINESS.

11       67.   By nature of this relationship, Defendants, and each of them, owed Plaintiff and the

    partnership BUSINESS certain fiduciary duties.

12

13       68.   By deceiving Plaintiff, making false representations as set forth above, and

    intentionally repudiating the existence of the partnership and denying Plaintiff's interest in the

14  partnership business, Defendants have breached the duty of care imposed by Corporations Code

15  Section 1604(c) to the partnership and to Plaintiff.

16       69.   As a proximate result of Defendants' breach of their duty of care to the partnership

17  and to Plaintiff, Plaintiff has suffered damages in an amount to be determined according to proof

    at the time of trial.  Plaintiff also lost profits that would have been earned by Plaintiff through the

18  partnership BUSINESS but for Defendants' breach, in a sum to be determined according to proof

19  at the time of trial.

## FIFTH CAUSE OF ACTION

## CONSTRUCTIVE FRAUD

(By Plaintiff against All Defendants)

23       70.   Plaintiff incorporates herein by reference each and every allegation contained in

24  paragraphs 1 through 69, as though fully set forth herein.

25       71.   Defendants and each of them, at one time or another, were Plaintiff's partners in the

26  partnership BUSINESS.

27       72.   By nature of this relationship, Defendants, and each of them, owed Plaintiff and the

    partnership BUSINESS certain fiduciary duties.

28       73.   By virtue of the partnership agreements, the relationship between Plaintiff and each

*Smith | Campbell | Clifford | Kearney| Gore*

9

FIRST AMENDED COMPLAINT

1   Defendant was fiduciary in nature. Defendants and each of them thereby owed Plaintiff the

2   fiduciary duties of loyalty and care, and the obligation to conduct the partnership business in good

3   faith and fair dealing. Because Plaintiff's confidence in Defendants' integrity caused Plaintiff to

4   entrust Defendants with the authority to act for the partnership, a confidential relationship existed

5   at all times herein mentioned between Plaintiff and each of the Defendants.

6        74.   Defendants breached their respective fiduciary duties to Plaintiff and violated the

7   relationship of trust and confidence by breaching their respective agreements with Plaintiff, as set

     forth more fully above, making false representations to Plaintiff, as set forth more fully above, and

8   in excluding Plaintiff from his interest in the partnership BUSINESS and assets.

9        75.   Plaintiff placed confidence in and relied on Defendants and each of them with

10   regard to their respective agreements with him, until on or about November and/or December

11   2008, when Plaintiff discovered that his agreements with each Defendants had been breached, and

     that false representations had been made to him by each of the Defendants, as set forth more fully

12   above. Until that date, Plaintiff had reasonably relied on Defendants and each of them in view of

13   their relationship as partners, and particularly under the terms of their respective agreements with

14   Plaintiff, as set forth above.

15        76.   As a result of the fraud committed by Defendants and each of them as herein

16   alleged, Plaintiff has been damaged in a sum to be determined according to proof at the time of

17   trial.

18                       **PRAYER:**

19      WHEREFORE, Plaintiff prays for judgment against Defendants and each of them as

     follows:

20       1.   For general damages in a sum to be determined according to proof;

21       2.   For compensatory damages in a sum to be determined according to proof;

22       3.   For restitutionary damages in a sum to be determined according to proof;

23       4.   For interest on the sum, at the maximum legal rate;

24       5.   For past and future loss of earnings;

25       6.   For punitive and exemplary damages

       7.   For costs of suit herein incurred;

26   ///

27   ///

28   ///

*Smith | Campbell | Clifford | Kearney | Gore*

8.    For such other and further relief as the court may deem proper.

Dated: February 14, 2011          SMITH CAMPBELL CLIFFORD KEARNEY GORE

                                 By: _____
                                         STEVEN C. SMITH
                                         CHRISTINE M. WATKINS
                                     Attorneys for Plaintiff Robert Farmer

Smith | Campbell | Clifford | Kearney | Gore

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

11
FIRST AMENDED COMPLAINT

**PROOF OF SERVICE**
*FARMER v NATIONWIDE MORTGAGE CONCEPTS II*

I, the undersigned, declare that I am over the age of 18 years, employed in the County of Orange, and not a party to the within action. My business address is 1800 North Broadway, Suite 200, Santa Ana, CA 92706. On February 14, 2011, I served the following:

**FIRST AMENDED COMPLAINT**

on all interested parties in this action by placing [ ] the original [X] a true copy thereof, enclosed in a sealed envelope with postage pre-paid, addressed as follows:

**SEE ATTACHED SERVICE LIST**

[ ]    *[MAIL]* by placing the document(s) listed above in a sealed envelope with postage hereon fully prepaid, in the United States mail at Santa Ana, California, addressed as set forth below:

[ X ]    *[FACSIMILE]* by transmitting *Via Facsimile* the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.

[ ]    *[OVERNIGHT MAIL]* by *Federal Express* of the document(s) listed above to the person(s) at the address(es) set forth below.

[ ]    *PERSONAL DELIVERY]* by causing delivery by _____ of the document(s) listed above to the person(s) at the address(es) set forth below.

[ ]    *[EMAIL]* by causing to be sent via electronic mail in the above mentioned document to the parties on the attached service list.

I am readily familiar with the firm's practice of collection and processing correspondence for mail. Under that practice, it would be deposited with the U.S. Postal Service on the same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on February 14, 2011, in Santa Ana, California.

CONNIE MORALES

Smith | Campbell | Clifford | Kearney | Gore

1
PROOF OF SERVICE

1

2

### PROOF OF SERVICE - SERVICE LIST
*FARMER v NATIONWIDE MORTGAGE CONCEPTS II*

| | |
|---|---|
| Jeffrey J. Zuber – Raffi V. Zerounian<br>ZUBER & TAILLIEU<br>777 S. Figueroa Street, 37th Floor<br>Los Angeles, CA 90017<br>(213) 596-5620<br>Fax: (213) 596-5621 | Attorneys for Defendants<br>JON IRVINE and KRISTIE WOLFORD |
| Jennifer Friend<br>Kenneth M. Natelborg<br>SELMAN BREITMAN<br>6 Hutton Center Drive, Suite 1100<br>Santa Ana, CA 92707<br>(714) 647-9700<br>Fax: (714) 647-9200 | Attorneys for Defendants:<br>JOSHUA FRIEND |
| Karina B. Sterman – Pantea Yashar<br>ERVIN COHEN & JESSUP<br>9401 Wilshire Blvd., 9th Floor<br>Beverly Hills, CA 90212-2974<br>(310) 273-6333<br>Fax: (310) 859-2325 | Attorneys for Defendants:<br>NATIONWIDE MORTGAGE CONCEPTS II, LTD.<br>and STEVEN J. Pitchersky |

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Smith | Campbell | Clifford | Kearney | Gore

NOTE: When using this form to indicate service of a proposed order, DO NOT list any person or entity in Category I.
Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

A true and correct copy of the foregoing document described as **AMENDED NOTICE OF REMOVAL OF STATE COURT CIVIL ACTION** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On **February 17, 2011** I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

See attached service list

☒  Service information continued on attached page

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL (indicate method for each person or entity served):**
On **February 17, 2011** I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

See attached service list

☒  Service information continued on attached page

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL (indicate method for each person or entity served):** Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

☐  Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| February 17, 2011 | Brenda L. Campos | |
|---|---|---|
| Date | Type Name | Signature |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

August 2010

F 9013-3.1.PROOF.SERVICE

73

## SERVICE LIST

### SECTION I

### SERVED VIA NEF BY THE COURT

### OFFICE OF THE US TRUSTEE
United States Trustee (SA)    ustpregion16.sa.ecf@usdoj.gov

### SECTION II

### SERVED VIA US MAIL

#### ATTORNEY FOR PLAINTIFF
Smith Campbell Clifford Kearney Gore
1800 N. Broadway, Suite 200
Santa Ana, CA 92706

#### PLAINTIFF
Robert W. Farmer
11202 Arroyo Ave
Santa Ana, CA 92705

#### DEFENDANTS
Joshua Friend
c/o Kenneth M. Natelborg
Selman Breitman
6 Hutton Center Dr. Suite 1100
Santa Ana, CA 92707

John Irvine
c/o Jeffrey J Zuber
Zuber & Taillieu
777 S. Figueroa St. 37th floor
Los Angeles, CA 90017

Nationwide Mortgage Concepts
c/o Karina B. Sterman
Ervin Cohen & Jessup
9401 Wilshire 9th Floor\
Beverly Hills, CA 90212

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

August 2010

F 9013-3.1.PROOF.SERVICE

74

<u>SERVED VIA US MAL CONTINUED</u>

Steven J Pitchersky
c/o Karina B. Sterman
Ervin Cohen & Jessup
9401 Wilshire 9th Floor
Beverly Hills, CA 90212

Kristie Wolford
c/o Jeffrey J Zuber
Zuber & Taillieu
777 S. Figueroa St. 37th floor
Los Angeles, CA 90017

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*August 2010*                                    **F 9013-3.1.PROOF.SERVICE**

75

**PROOF OF SERVICE**
*FARMER v NATIONWIDE MORTGAGE CONCEPTS II*

I, the undersigned, declare that I am over the age of 18 years, employed in the County of Orange, and not a party to the within action. My business address is 1800 North Broadway, Suite 200, Santa Ana, CA 92706. On February 18, 2011, I served the following:

> **NOTICE OF FILING OF AMENDED NOTICE OF REMOVAL UNDER 28 U.S.C. § 1452(a) AND RULE 9027 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE**

on all interested parties in this action by placing [ ] the original [X] a true copy thereof, enclosed in a sealed envelope with postage pre-paid, addressed as follows:

> **SEE ATTACHED SERVICE LIST**

[ ] *[MAIL]* by placing the document(s) listed above in a sealed envelope with postage hereon fully prepaid, in the United States mail at Santa Ana, California, addressed as set forth below:

[ ] *[FACSIMILE]* by transmitting *Via Facsimile* the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.

[ ] *[OVERNIGHT MAIL]* by *Federal Express* of the document(s) listed above to the person(s) at the address(es) set forth below.

[ X ] *PERSONAL DELIVERY]* by causing delivery by DDS Attorney Service of the document(s) listed above to the person(s) at the address(es) set forth below.

[ ] *[EMAIL]* by causing to be sent via electronic mail in the above mentioned document to the parties on the attached service list.

I am readily familiar with the firm's practice of collection and processing correspondence for mail. Under that practice, it would be deposited with the U.S. Postal Service on the same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on February 18, 2011, in Santa Ana, California.

Connie Morales

1
PROOF OF SERVICE

1

2  **PROOF OF SERVICE - SERVICE LIST**
   *FARMER v NATIONWIDE MORTGAGE CONCEPTS II*

3

| | |
|---|---|
| Jeffrey J. Zuber<br>Raffi V. Zerounian<br>ZUBER & TAILLIEU<br>777 S. Figueroa Street, 37th Floor<br>Los Angeles, CA 90017<br>(213) 596-5620<br>Fax: (213) 596-5621 | Attorneys for Defendants<br>JON IRVINE and KRISTIE WOLFORD |
| Jennifer Friend<br>Kenneth M. Natelborg<br>SELMAN BREITMAN<br>6 Hutton Center Drive, Suite 1100<br>Santa Ana, CA 92707<br>(714) 647-9700<br>Fax: (714) 647-9200 | Attorneys for Defendants:<br>JOSHUA FRIEND |
| Karina B. Sterman<br>Pantea Yashar<br>ERVIN COHEN & JESSUP<br>9401 Wilshire Blvd., 9th Floor<br>Beverly Hills, CA 90212-2974<br>(310) 273-6333<br>Fax: (310) 859-2325 | Attorneys for Defendants:<br>NATIONWIDE MORTGAGE CONCEPTS II, LTD.<br>and STEVEN J. Pitchersky |

4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Smith | Campbell | Clifford | Kearney | Gore

# EXHIBIT "C"

**Michael Mancini**

| | |
|---|---|
| **From:** | Michael Mancini |
| **Sent:** | Friday, February 11, 2011 7:04 PM |
| **To:** | 'wkosmala@kosmalalaw.com' |
| **Cc:** | Pantea Yashar; Karina Sterman |
| **Subject:** | Robert Farmer v. Nationwide Mortgage Concepts II, LTD, et al. |

**Attachments:** JoinderToMotionToDismiss.PDF; MotionToDismiss.PDF; SuperiorCourtComplaint.PDF

Ms. Kosmala,

The above-named case is a Superior Court proceeding brought by Robert Farmer (the "**Superior Court Case**"), who is currently Chapter 7 a debtor in bankruptcy case number 8:09-bk-14918-TA in the United States Bankruptcy Court for the Central District of California (the "**Bankruptcy Case**"). You are the Chapter 7 Trustee in the Bankruptcy Case. The Superior Court Case was brought by Mr. Farmer on November 4, 2010, subsequent to a No Asset Report filed by you in the Bankruptcy Case on or about October 26, 2010. I, with Karina B. ,Sterman and Pantea Yashar, cc'd herein, represent defendants Nationwide Mortgage Concepts II, LTD, and Steven J. Pitchersky (together, the "**Defendants**").

I am informed by Mr. Fitzgerald that you did not expect Mr. Farmer to take such action. At this time, it appears that the Debtor has not been discharged and that the Bankruptcy Case has not been closed. I am further informed by Mr. Fitzgerald that it may be your inclination to withdraw the No Asset Report in the Bankruptcy Case because of Mr. Farmer's filing of the Superior Court Case.

The Defendants have moved to dismiss the Superior Court Case on the grounds that Mr. Farmer, because the claim is property of the estate, lacks standing to pursue the claim. I am writing to inquire whether you would be willing to declare that (1) the Debtor has not been discharged, (2) the Bankruptcy Case has not been closed, and (3) the alleged claim against Nationwide Mortgage Concepts, LTD, et al., is still property of the bankruptcy estate. This Declaration could be used either in a reply to Mr. Farmer's Opposition to the Motion to Dismiss or in a supplemental brief in support of the Motion to Dismiss.

I have attached the Complaint, the Motion to Dismiss, and a Joinder to the Motion to Dismiss to this email, in order to provide you with the operative documents. An Opposition to the Motion to Dismiss will be filed on Monday, February 14, and we expect to file a Reply to same on Tuesday, February 15. The Hearing on the Motion to Dismiss will be on February 16. I apologize for the short notice, but would very much appreciate the opportunity to provide you with a drat Declaration, with your approval.

If we cannot agree on such a Declaration, I would still very much appreciate the opportunity to discuss the above with you.

I look forward to hearing from you.

Best,

Michael V. Mancini

*Treasury Circular 230 Disclosure* -- In order to comply with requirements imposed by the Internal Revenue Service, we inform you that any U.S. tax advice contained in this communication (including any attachments) is not intended to be used, and cannot be used, for the purpose of (a) avoiding penalties under the Internal Revenue Code or (b) promoting, marketing, or recommending to another party any transaction or matter addressed herein.

Michael V. Mancini, Esq.
Ervin Cohen & Jessup LLP
9401 Wilshire Boulevard, Ninth Floor
Beverly Hills, California  90212-2974
Phone: 310-281-6339
Direct Fax: 310-887-6894

4/7/2011

Email: mmancini@ecjlaw.com

*It's not a common practice.*®

The information contained herein is confidential and privileged attorney-client information or work product intended only for the individual or entity to whom it is addressed. Any unauthorized use, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify me immediately.

🖶 Please don't print this e-mail unless it is necessary.

4/7/2011

| In re:                                                              | CHAPTER 7 |
|---------------------------------------------------------------------|-----------|
| ROBERT FARMER                                                       | |
| ROBERT FARMER v. NATIONWIDE MORTGAGE CONCEPTS II, LTD., et al. | CASE NUMBER 8:09-014918-TA |
| Debtor(s). | ADV. NO. 8:11-01081-TA |

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

## PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 9401 Wilshire Blvd., 9th Floor, Beverly Hills, CA 90212-2974.

A true and correct copy of the foregoing document described as: **REPLY TO OPPOSITION TO RESPONSE TO ORDER TO SHOW CAUSE RE: REMAND; DECLARATIONS OF JENNIFER FRIEND AND MICHAEL V. MANCINI IN SUPPORT THEREOF**, will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On **April 7, 2011**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

☒      Service information on attached page

**II. SERVED BY U.S. MAIL:** On **April 7, 2011**, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒      Service information on attached page

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **April 7, 2011**, I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

☒      Service information on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| April 7, 2011 | CHRISTINA O'MEARA | /s/Christina O'Meara |
|---------------|-------------------|----------------------|
| Date | Type Name | Signature |

I. <u>**TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")**</u>

- Christine M Fitzgerald    cfitzgerald@scckg.com
- Weneta M Kosmala (TR)    Weneta.Kosmala@7trustee.net,
  ca15@ecfcbis.com;wkosmala@kosmalalaw.com;dfitzger@kosmalalaw.com;kgeorge@kosmalalaw.com
- United States Trustee (SA)    ustpregion16.sa.ecf@usdoj.gov

II. <u>**SERVED BY OVERNIGHT MAIL:**</u>

**Attorneys for Plaintiff Robert Farmer**
Steven C. Smith
Christine M. Watkins
Smith Campbell Clifford Kearney & Gore
1800 North Broadway, Suite 200
Santa Ana, CA  92706

Hon. Theodor Albert
US Bankruptcy Court
Central District, California
411 West Fourth Street, Suite 5085
Santa Ana, CA  92701-4593

III. <u>**SERVED BY EMAIL:**</u>

**Attorneys for Joshua Friend**
Jennifer Friend
Selman Breitman LLP
6 Hutton Centre Drive, Suite 1100
Santa Ana, CA  92707
jfriend@selmanbreitman.com

**Attorneys for Defendants Jon Irvine and Kristie
Wolford**
Jeffrey J. Zuber
Raffi V. Zerounian
Zuber & Taillieu
777 S. Figueroa Street, 37th Floor
Los Angeles, CA  90017
jzuber@ztllp.com
rzerounian@ztllp.com