1 | Pantea Yashar (SBN 234067)
Michael V. Mancini (SBN 263799)
2 | ERVIN COHEN & JESSUP LLP
9401 Wilshire Boulevard, Ninth Floor
3 | Beverly Hills, California 90212-2974
Telephone: (310) 273-6333
4 | Facsimile: (310) 859-2325
pyashar@ecjlaw.com
5 | mmancini@ecjlaw.com

Jennifer Friend (200146)
SELMAN BREITMAN LLP
6 Hutton Center Drive, Suite 1100
Santa Ana, California 92707-5755
Telephone: (714) 647-9700
Facsimile: (714) 647-9200
jfriend@selmanbreitman.com

Attorneys for Defendant Joshua Friend

6 | Attorneys for Defendants Nationwide
Mortgage Concepts II, Ltd., and Stephen
7 | Pitchersky

8 | Jeffrey J. Zuber (SBN 220830)
Raffi V. Zerounian (SBN 236388)
9 | ZUBER & TAILLIEU LLP
777 South Figueroa Street
10 | Los Angeles, California 90017
Telephone: (213) 596-5620
11 | Facsimile: (213) 596-5621
jzuber@ztllp.com
12 | rzerounian@ztllp.com

13

14 | Attorneys for Defendants John Irvine and Kristie Wolford

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## SANTA ANA DIVISION

| | |
|---|---|
| In re | Case No. 8:09-bk-14918-TA |
| ROBERT W. FARMER AND PATRICIA FARMER, | Adv. No. 8:11-ap-01081-TA |
| Debtors. | Chapter 11 |
| ROBERT W. FARMER, an individual; | **EVIDENTIARY OBJECTIONS TO DECLARATION OF CHRISTINE M. WATKINS IN SUPPORT OF OPPOSITION TO RESPONSE TO ORDER TO SHOW CAUSE RE: REMAND** |
| Debtor | |
| v. | |
| NATIONWIDE MORTGAGE CONCEPTS II, LTD., a corporation; STEVEN J. PITCHERSKY, an individual; JOHN IRVINE, an individual; KRISTIE WOLFORD, an individual; JOSHUA FRIEND, an individual, | Date: April 14, 2011<br>Time: 10:00 a.m.<br>Place: Courtroom 5B |
| Defendants. | |

ERVIN COHEN & JESSUP LLP

IDOCS:14109.1:1197586.1

1    Defendants Nationwide Mortgage Concepts II, Ltd., Steven J. Pitchersky, John Irvine,

2    Kristie Wolford and Joshua Friend (collectively, the "Defendants") hereby submit their objections

3    to the Declaration of Christine M. Watkins ("Watkins" or the "Declarant") in Support of

4    Opposition to Response to Order to Show Cause Re: Remand (the "Declaration"), which was filed

5    in the above-captioned adversary proceeding on behalf of the Debtor, Robert W. Farmer (the

6    "Debtor"). As set forth in detail below, the objections are made on the grounds that the

7    Declaration does not comply with the Federal Rules of Evidence ("FRE") and contains

8    inadmissible evidence. The Defendants move to strike any evidence that is determined by the

9    Court to be objectionable.

10    The objections are brought pursuant to Bankruptcy Rule 9017, and are based on these

11    objections, and upon such other and further oral and documentary evidence as may be introduced

12    at the time of the hearing. As set forth below, the Declaration is replete with hearsay, statements

13    about which the Declarant has no personal knowledge, inadmissible opinions, legal conclusions,

14    and other matters lacking necessary foundations. In particular, the Declarant states that she is

15    "counsel for Bankruptcy Debtor Robert J. Farmer." She then purports to "testify" about the

16    Debtor's intentions, experiences and beliefs regarding pertinent events. The Declarant has not met

17    the requirements for any exception of the hearsay rule, and the contents of the Declaration cannot

18    be admitted into evidence in the manner presented by the Declaration. In fact, after the objections

19    are accounted for, very little more than a recital of the docket of the above-captioned main

20    bankruptcy case is left in the declaration.

## I.

## DISCUSSION

23    The Defendants hereby move the Court to strike portions of the Declaration because they

24    are arguments of counsel containing inaccurate statements and/or lacking any admissible evidence.

25    Ample authority exists for the Court to strike portions of the Declaration. Admissible declaration

26    testimony is limited to those matters of which the witness has personal knowledge which he or she

27    acquired through his or her own senses. Rule 602 of the Federal Rules of Evidence. The rule

28    against hearsay is a derivative of this rule. "Hearsay" is defined in Rule 801(c) of the Federal

IDOCS:14109.1:1197586.1

2

ERVIN COHEN & JESSUP LLP

1    Rules of Evidence as a "statement, other than one made by a declarant while testifying at the trial

2    or hearing, offered in evidence to prove the truth of the matter asserted." Honorable Barry

3    Russell, <u>Bankruptcy Evidence Manual</u> (1990 Ed.) ("<u>Russell</u>"), page 290. The rule against hearsay

4    applies to both documentary evidence and the testimony or the declaration of a witness. <u>Russell</u>,

5    at 290. Here, the Declaration contains hearsay testimony that should be stricken from the

6    Declaration.

7         See **bolded** words for inaccuracy and/or lack of any evidence of support.

8    **<u>Hearsay Statement #1:</u>**

9         "The potential claims Debtor had against Defendants Nationwide Mortgage Concepts II,

10   LTD, Steven J. Pitchersky, Kristie Wolford, and Joshua Friend . . . were not listed in his

11   schedules, **based on the advice of his bankruptcy counsel, Legal Helpers.**" (Declaration, page

12   9, lines 21-22, emphasis added)

13        This statement is inadmissible hearsay evidence because Declarant has failed to establish

14   that the statement falls within an exception as provided in Federal Rules of Evidence Rule 803. In

15   addition, Declarant fails to lay a proper foundation establishing personal knowledge of the event

16   or events described by this statement. The Declarant is offering statements for which she has not

17   established her personal knowledge or foundation, to prove the truth of the matter she is asserting.

18   Declarant is also asserting what she believes occurred without personal knowledge of what

19   actually occurred. The best source for this knowledge is not Declarant. Declarant has submitted

20   no documentation to support her declaration.

21   **<u>Hearsay Statement #2:</u>**

22        ". . . Debtor filed a motion to re-open the bankruptcy in order to list the claim as an asset,

23   **to ensure that he could proceed with this litigation if the Trustee elected to abandon the asset**

24   **or if the Trustee elected to proceed with the litigation.**" (Declaration, page 10, lines 4-6,

25   emphasis added)

26        This statement is inadmissible hearsay evidence because Declarant has failed to establish

27   that the statement falls within an exception as provided in Federal Rules of Evidence Rule 803. In

28   addition, Declarant fails to lay a proper foundation establishing personal knowledge of the event

EVIDENTIARY OBJECTIONS TO DECLARATION OF CHRISTINE M. WATKINS IN SUPPORT OF
OPPOSITION TO RESPONSE TO ORDER TO SHOW CAUSE RE: REMAND

ERVIN COHEN & JESSUP LLP

1   or events described by this statement.  The Declarant is offering statements for which she has not

2   established her personal knowledge or foundation, to prove the truth of the matter she is asserting.

3   Declarant is also asserting what she believes occurred without personal knowledge of what

4   actually occurred.  The best source for this knowledge is not Declarant.

5       **Hearsay Statement #3**:

6       "The statute of limitations on Debtor's claims was imminent at the time of filing, and

7   **Debtor believed the Trustee had abandoned the asset.**"  (Declaration, page 10, line 23,

8   emphasis added)

9       This statement is inadmissible hearsay evidence because Declarant has failed to establish

10  that the statement falls within an exception as provided in Federal Rules of Evidence Rule 803.  In

11  addition, Declarant fails to lay a proper foundation establishing personal knowledge of the event

12  or events described by this statement.  The Declarant is offering statements for which she has not

13  established her personal knowledge or foundation, to prove the truth of the matter she is asserting.

14  Declarant is also asserting what she believes occurred without personal knowledge of what

15  actually occurred.  The best source for this knowledge is not Declarant.  Declarant has submitted

16  no documentation to support her declaration.

17      **Hearsay Statement #4**:

18      "**Based on that conversation, I understood that Mr. Banani would be sending a copy**

19  **of the Complaint to the Trustee for evaluation in order for the Trustee to make a**

20  **determination of whether she wanted to pursue the litigation or abandon the claim**."

21  (Declaration, pages 10-11, lines 28-2, emphasis added)

22      This statement is inadmissible hearsay evidence because Declarant has failed to establish

23  that the statement falls within an exception as provided in Federal Rules of Evidence Rule 803.  In

24  addition, Declarant fails to lay a proper foundation establishing personal knowledge of the event

25  or events described by this statement.  The Declarant is offering statements for which she has not

26  established her personal knowledge or foundation, to prove the truth of the matter she is asserting.

27  Declarant is also asserting what she believes occurred without personal knowledge of what

28  actually occurred.  The best source for this knowledge is not Declarant.  Declarant has submitted

ERVIN COHEN & JESSUP LLP

IDOCS:14109.1:1197586.1

4

EVIDENTIARY OBJECTIONS TO DECLARATION OF CHRISTINE M. WATKINS IN SUPPORT OF
OPPOSITION TO RESPONSE TO ORDER TO SHOW CAUSE RE: REMAND

1    no documentation to support her declaration. The statement is a recitation of statements allegedly

2    made by Mr. Banani which constitute hearsay as presented in the Declaration.

3    **Hearsay Statement #5:**

4    **"From that conversation, I understood that Mr. Banani had *not* sent the Complaint to**

5    **the Trustee for evaluation. The Trustee instructed me to email certain information**

6    **regarding the claim so that the Trustee could fully evaluate the claim and whether she would**

7    **be interested in pursuing it on behalf of the Bankruptcy Estate."** (Declaration, page 11, lines

8    7-11, emphasis added)

9    This statement is inadmissible hearsay evidence because Declarant has failed to establish

10    that the statement falls within an exception as provided in Federal Rules of Evidence Rule 803. In

11    addition, Declarant fails to lay a proper foundation establishing personal knowledge of the event

12    or events described by this statement. The Declarant is offering statements for which she has not

13    established her personal knowledge or foundation, to prove the truth of the matter she is asserting.

14    Declarant is also asserting what she believes occurred without personal knowledge of what

15    actually occurred. The best source for this knowledge is not Declarant. Declarant has submitted

16    no documentation to support her declaration. The statement is a recitation of statements allegedly

17    made by Mr. Banani which constitute hearsay as presented in the Declaration.

18    **Hearsay Statement #6:**

19    **"On February 9, 2011, Mr. Fitzgerald emailed me and indicated that he had not**

20    **received the information I had sent to him on February 2, 2011.** I re-sent the information via

21    email, and **on February 10, 2011 he confirmed that it was received.** It was my understanding

22    **that the Trustee would evaluate the claim and determine whether she wanted to pursue the**

23    **claim or continue with its abandonment."** (Declaration, page 11, lines 20-24, emphasis added)

24    These statements are inadmissible hearsay evidence because Declarant has failed to

25    establish that the statements fall within an exception as provided in Federal Rules of Evidence

26    Rule 803. In addition, Declarant fails to lay a proper foundation establishing personal knowledge

27    of the event or events described by these statements. The Declarant is offering statements for

28    which she has not established her personal knowledge or foundation, to prove the truth of the

ERVIN COHEN & JESSUP LLP

EVIDENTIARY OBJECTIONS TO DECLARATION OF CHRISTINE M. WATKINS IN SUPPORT OF
OPPOSITION TO RESPONSE TO ORDER TO SHOW CAUSE RE: REMAND

1  matter she is asserting.  Declarant is also asserting what she believes occurred without personal

2  knowledge of what actually occurred.  The best source for this knowledge is not Declarant.

3  Declarant has submitted no documentation to support her declaration.  The statements are a

4  recitation of statements allegedly made by Mr. Fitzgerald which constitute hearsay as presented in

5  the Declaration.

6      **Hearsay Statement #7:**

7      **"The Trustee responded that the Motion to Dismiss should be continued, as Ms.**

8  **Kosmala has not received any information regarding a Motion to Dismiss and should be**

9  **afforded the opportunity to respond accordingly."** (Declaration, page 12, lines 11-13,

10  emphasis added)

11      This statement is inadmissible hearsay evidence because Declarant has failed to establish

12  that the statement falls within an exception as provided in Federal Rules of Evidence Rule 803.  In

13  addition, Declarant fails to lay a proper foundation establishing personal knowledge of the event

14  or events described by this statement.  The Declarant is offering statements for which she has not

15  established her personal knowledge or foundation, to prove the truth of the matter she is asserting.

16  Declarant is also asserting what she believes occurred without personal knowledge of what

17  actually occurred.  The best source for this knowledge is not Declarant.  Declarant has submitted

18  no documentation to support her declaration other than the Exhibit "G" attached to the

19  Declaration, which is a hearsay document which should not be admitted.

20      **Hearsay Statement #8:**

21      "At the time Debtor filed the Notice of Removal, **Debtor believed that under 11 U.S.C.S.**

22  **§§1452, 541, and 1334, the federal bankruptcy court had exclusive and proper jurisdiction to**

23  **determine whether the litigation was an asset of the Debtor or the Estate, and that the**

24  **Superior Court was unable to make a factual finding as to such issues.  Debtor believed that**

25  **this was an issue that only the Bankruptcy Court could resolve."** (Declaration, page 12, lines

26  19-23, emphasis added)

27      These statements are inadmissible hearsay evidence because Declarant has failed to

28  establish that the statements fall within an exception as provided in Federal Rules of Evidence

EVIDENTIARY OBJECTIONS TO DECLARATION OF CHRISTINE M. WATKINS IN SUPPORT OF
OPPOSITION TO RESPONSE TO ORDER TO SHOW CAUSE RE: REMAND

ERVIN COHEN & JESSUP LLP

**ERVIN COHEN & JESSUP** LLP

1   Rule 803. In addition, Declarant fails to lay a proper foundation establishing personal knowledge

2   of the event or events described by these statements. The Declarant is offering statements for

3   which she has not established her personal knowledge or foundation, to prove the truth of the

4   matter she is asserting. Declarant is also asserting what she believes occurred without personal

5   knowledge of what actually occurred. The best source for this knowledge is not Declarant.

6   Declarant has submitted no documentation to support her declaration.

7       **Hearsay Statement #9:**

8       **"Debtor believes the State Superior Court erred in ruling on the Motion to Dismiss,**

9   **given that the Notice of Removal had already been filed with the State Superior Court."**

10      This statement is inadmissible hearsay evidence because Declarant has failed to establish

11  that the statement falls within an exception as provided in Federal Rules of Evidence Rule 803. In

12  addition, Declarant fails to lay a proper foundation establishing personal knowledge of the event

13  or events described by this statement. The Declarant is offering statements for which she has not

14  established her personal knowledge or foundation, to prove the truth of the matter she is asserting.

15  Declarant is also asserting what she believes occurred without personal knowledge of what

16  actually occurred. The best source for this knowledge is not Declarant. Declarant has submitted

17  no documentation to support her declaration.

18      **Hearsay Statement #10 / Inadmissible Legal Conclusion #1:**

19      **"Debtor believes the Superior Court's ruling on the Motion to Dismiss was void, as**

20  **the case had already been removed to federal Bankruptcy Court."** (Declaration, page 12-13,

21  lines 28-1, emphasis added)

22      This statement is (1) inadmissible hearsay evidence, as well as (2) an inadmissible legal

23  conclusion.

24      (1)  This statement is inadmissible hearsay evidence because Declarant has failed to

25  establish that the statement falls within an exception as provided in Federal Rules of Evidence

26  Rule 803. In addition, Declarant fails to lay a proper foundation establishing personal knowledge

27  of the event or events described by this statement. The Declarant is offering statements for which

28  she has not established her personal knowledge or foundation, to prove the truth of the matter she

IDOCS:14109.1:1197586.1                                    7

1  is asserting.  Declarant is also asserting what she believes occurred without personal knowledge of

2  what actually occurred.  The best source for this knowledge is not Declarant.  Declarant has

3  submitted no documentation to support her declaration.

4          (2)  This statement is an inadmissible legal conclusion.  The Declarant has not established

5  that she is qualified to opine as to the specific time that the superior court case was deemed

6  removed to this Court.  In addition, Declarant fails to lay a proper foundation establishing personal

7  knowledge of the events described by these statements, nor does she provide any facts

8  substantiating the claimed time of removal.  Therefore, Declarant's testimony is inadmissible

9  pursuant to Rules 701 and 702.  Moreover, the Declarant fails to set forth any facts or evidence

10 supporting the alleged time of removal.

## II.

## CONCLUSION

13      For the foregoing reasons, and for such other and further reasons as the Court may

14 consider at the hearing, the Defendants respectfully request that the Court strike all of the above

15 statements as inadmissible, and such other relief as the Court deems just and proper.

17 DATED: April 7, 2011                    ERVIN COHEN & JESSUP LLP
                                          Michael V. Mancini

19                                        By:    /s/ Michael V. Mancini
20                                                Michael V. Mancini
                                                Attorneys for Defendants Nationwide Mortgage
21                                                Concepts II, Ltd., and Stephen Pitchersky

ERVIN COHEN & JESSUP LLP

EVIDENTIARY OBJECTIONS TO DECLARATION OF CHRISTINE M. WATKINS IN SUPPORT OF
OPPOSITION TO RESPONSE TO ORDER TO SHOW CAUSE RE: REMAND

| | |
|---|---|
| In re:<br>            ROBERT FARMER<br>ROBERT FARMER v. NATIONWIDE MORTGAGE CONCEPTS II, LTD., et al.<br>                                            Debtor(s). | CHAPTER  7<br><br>CASE NUMBER  8:09-014918-TA<br>ADV. NO. 8:11-01081-TA |

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I.  Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

## PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:  9401 Wilshire Blvd., 9th Floor, Beverly Hills, CA  90212-2974.

A true and correct copy of the foregoing document described as:  **EVIDENTIARY OBJECTIONS TO DECLARATION OF CHRISTINE M. WATKINS IN SUPPORT OF OPPOSITION TO RESPONSE TO ORDER TO SHOW CAUSE RE:  REMAND**, will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

I.  <u>**TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")**</u> – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document.  On April 7, 2011, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

☒          Service information on attached page

II.  <u>**SERVED BY U.S. MAIL:**</u>  On **April 7, 2011,** I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be</u> completed no later than 24 hours after the document is filed.

☒          Service information on attached page

III.  <u>**SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served):</u> Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **April 7, 2011,** I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on the judge <u>will be</u> completed no later than 24 hours after the document is filed.

☒          Service information on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| | | |
|---|---|---|
| April 7, 2011 | CHRISTINA O'MEARA | /s/Christina O'Meara |
| *Date* | *Type Name* | *Signature* |

I. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")**

- Christine M Fitzgerald    cfitzgerald@scckg.com
- Weneta M Kosmala (TR)    Weneta.Kosmala@7trustee.net,
  ca15@ecfcbis.com;wkosmala@kosmalalaw.com;dfitzger@kosmalalaw.com;kgeorge@kosmalalaw.com
- United States Trustee (SA)    ustpregion16.sa.ecf@usdoj.gov

II. **SERVED BY OVERNIGHT MAIL:**

**Attorneys for Plaintiff Robert Farmer**
Steven C. Smith
Christine M. Watkins
Smith Campbell Clifford Kearney & Gore
1800 North Broadway, Suite 200
Santa Ana, CA  92706

Hon. Theodor Albert
US Bankruptcy Court
Central District, California
411 West Fourth Street, Suite 5085
Santa Ana, CA  92701-4593

III. **SERVED BY EMAIL:**

**Attorneys for Joshua Friend**
Jennifer Friend
Selman Breitman LLP
6 Hutton Centre Drive, Suite 1100
Santa Ana, CA  92707
jfriend@selmanbreitman.com

**Attorneys for Defendants Jon Irvine and Kristie Wolford**
Jeffrey J. Zuber
Raffi V. Zerounian
Zuber & Taillieu
777 S. Figueroa Street, 37th Floor
Los Angeles, CA  90017
jzuber@ztllp.com
rzerounian@ztllp.com